**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

```
  '' D B Y _____ .b
00 FEB 15 PM 3: 21
  .. ... ...  MADDOX
CLERK U.S. DIST. CT.
  S.D. OF FLA.-FTL
```

TODD RENNA, and ELINA
RENNA, his wife,

     Plaintiffs,

vs.

SEARS. ROEBUCK & COMPANY.

     Defendant.

_____



**00-6225**

**CIV-ZLOCH**

**MAGISTRATE JUDGE
SELTZER**

## NOTICE OF REMOVAL

Defendant, SEARS, ROEBUCK AND CO, through its undersigned counsel, hereby files this Notice of Removal of this action to the United States District Court for the Southern District of Florida, Fort Lauderdale Division, and states as follows:

    1.    A civil action was commenced and is now pending in the Seventeenth Judicial Circuit, in and for Broward County. Florida, in which the above-named TODD RENNA and ELINA RENNA are the Plaintiffs, and SEARS, ROEBUCK AND CO. is the Defendant.

    2.    This action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and is one which may be removed to this Court by the Defendant pursuant to the provisions of 28 U.S.C. § 1441, in that it is a civil action wherein the matter in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000), and is between citizens of different states.

    3.    The action involves a controversy between citizens of different states as follows:



Todd Renna, et al. vs. Sears, Roebuck and Co.
Case No
Notice of Removal

      a.     Plaintiffs are now. and at the commencement of this action were. individuals residing in Broward County, Florida.

      b.     Defendant is now, and at the time of the commencement of this action was, a corporation duly incorporated under and by virtue of the laws of the State of New York and was not and is not incorporated under and by virtue of the laws of the State of Florida

      c.     Defendant had at the time of the commencement of this action, and now has, its principal place of business in the State of Illinois and by virtue of having its principal place of business in the State of Illinois was not and is not a citizen of the State of Florida.

4.     This Notice of Removal is filed in this Court within thirty (30) days after the receipt by Defendant of a copy of Plaintiffs' Response to Request for Admissions, in which Plaintiffs first admitted that they seek damages in this matter in excess of $75,000, exclusive of interest, costs and attorneys' fees. See Defendant's Request for Admissions and Plaintiffs' Response to Request for Admissions, attached hereto and incorporated herein as a portion of Exhibit "A". As such, on February 2, 2000, it was first ascertained that the case is one which is removable. Therefore, the time for filing this Notice of Removal under the provisions of 28 U.S.C. § 1446(b) has not expired.

5.     Written notice of the filing of this Notice of Removal has been given to all adverse parties as required by law.

Todd Renna, et al. vs. Sears, Roebuck and Co.
Case No
Notice of Removal

6.      A true and correct copy of this Notice of Removal will be filed with the Clerk

of the Seventeenth Judicial Circuit, in and for Broward County, Florida, as provided by law.

7.      There is attached hereto and incorporated herein as Exhibit "A", a true and

correct copy of all state court pleadings in this action.

WHEREFORE, Defendant, SEARS, ROEBUCK AND CO., prays that it may effect

the removal of this action from the Seventeenth Judicial Circuit, in and for Broward County

Florida, to this Court.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served

via U.S. mail this _15th_ day of February, 2000 to: Geri Sue Straus, Esq., JACOBS &

STRAUS, P.A., 1098 N.W. Boca Raton Boulevard, Boca Raton, FL 33432.

ARNSTEIN & LEHR
Attorneys for Defendant,
SEARS, ROEBUCK AND CO.
Northbridge Centre - Suite 600
515 North Flagler Drive
West Palm Beach, FL  33401-4323
(561) 833-9800 [ofc]
(561) 655-5551 [fax]

ERIC A. GORDON
Florida Bar No.:   71341

86239_1

3

IN THE CIRCUIT COURT OF THE 17
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

TODD RENNA, and ELINA
RENNA, his wife,

CASE NO.:

      Plaintiffs,

**99017370**

vs.

**21**

SEARS, ROEBUCK & COMPANY,

      Defendant.

## COMPLAINT

COME NOW, the Plaintiffs, TODD RENNA and ELINA RENNA, his wife (hereinafter

referred to as "RENNA"), by and through their undersigned counsel, hereby sue the Defendant,

SEARS, ROEBUCK & COMPANY (hereinafter referred to as "SEARS"), and as grounds therefor

state the following:

### JURISDICTION ALLEGATIONS

1.     This is an action for damages in excess of Fifteen Thousand ($15,000.00) Dollars,

exclusive of interest and costs, within the jurisdiction of this Court.

2.     At all times material hereto, the Plaintiff, TODD RENNA and ALINA RENNA, were

and are residents of Broward County, Florida and are otherwise *sui juris.*

3.     At the time of the subject incident, the Defendant, SEARS, was an Illinois corporation

licensed to and doing business in the State of Florida, and specifically, owned and/or maintained the

premises known as Sears Logistics Services, Inc., (hereinafter referred to as "SLS"), located at 900

International Parkway, Fort Lauderdale, Florida, where the subject incident occurred.

4.     The within cause of action occurred in Broward County, Florida.



DEFENDANT'S
EXHIBIT
"A"

## FACTUAL ALLEGATIONS

5.　　On or about February 25, 1998, at approximately 2:30 p.m., the Plaintiff, TODD RENNA, while in the course and scope of his employment with EMC Air Conditioning, was on the Defendant's premises for the purpose of servicing an air conditioner for SLS on said premises.

6.　　At said time and place, the Plaintiff used a ladder that was owned, maintained, and/or otherwise under the control of the Defendant, SEARS.

7.　　While the Plaintiff was on said ladder, he was caused to fall and sustained severe injuries more fully described hereinafter.

## COUNT I - NEGLIGENCE

The Plaintiffs readopt and reaver the allegations contained in paragraphs 1 through 7 as if fully set forth herein.

8.　　On or about February 25, 1998, at approximately 2:30 p.m., the Plaintiff, TODD RENNA, was in the course and scope of his employment with EMC Air Conditioning when he went on a service call to the premises owned, managed and/or under the control of the Defendant, SEARS.

9.　　At said time and place, the Plaintiff entered the Defendant's premises and used a ladder that was owned, maintained and/or under the control of the Defendant, SEARS, and while using said ladder, he was caused to fall.

10.　　The Defendant, SEARS, by and through its agents and/or employees, was negligent by commission and/or omission by any one of the following acts:

(a)　　By failing to safely maintain the subject ladder;

(b)　　By failing to warn the Plaintiff that the subject ladder was dangerous and/or negligently maintained;

2

    (c)    By permitting a dangerous condition to exist in the vicinity where the ladder fell:

    (d)    By failing to provide safe equipment for the Plaintiff which would have prevented the incident from occurring when the Defendant knew or should have known that the ladder would foreseeably be used by persons on the premises;

    (e)    By failing to have the appropriate type of ladder available for use by the Plaintiff;

    (f)    By violating OSHA standards and other applicable state and federal ordinances;

    (g)    By otherwise negligent conduct which caused and/or contributed to the Plaintiff's injuries herein.

11.    The Plaintiff did not contribute to his injuries.

12.    As a direct and proximate result of the negligence of the Defendant by and through its agents and/or employees as aforedescribed , the Plaintiff, TODD RENNA, was severely injured and sustained the following damages: pain and suffering, mental anguish, loss of the capacity to enjoy life, the aggravation of a pre-existing condition, incurred the costs of medical, surgical and therapy treatment, and lost wages. Said losses have been incurred in the past and will continue in the future.

WHEREFORE, the Plaintiff, TODD RENNA, seeks compensatory damages against the Defendant, SEARS, ROEBUCK & COMPANY, and any and all other relief this Honorable Court deems just and proper.

## COUNT II - LOSS OF CONSORTIUM OF ALINA RENNA

The Plaintiff, ALINA RENNA, readopts and reavers the allegations contained in paragraphs 1 through 7 as if fully set forth herein.

3

13.   At all times material hereto, the Plaintiff, ALINA RENNA, was and is the lawful wife of the co-plaintiff, TODD RENNA.

14.   As a result of the injuries sustained by the Plaintiff, TODD RENNA, as aforedescribed in Count I of this Complaint, the Co-Plaintiff, ALINA RENNA, has lost the companionship, society and consortium of her husband in the past and said losses will continue in the future.

WHEREFORE, the Plaintiff, ALINA RENNA, seeks compensatory damages against the Defendant, SEARS, ROEBUCK & COMPANY, and any and all other relief this Honorable Court deems just and proper.

## JURY TRIAL DEMAND

15.   Plaintiffs demand a trial by jury of all issues so triable as a matter of right.

DATED this ___6___ day of October, 1999.

JACOBS & STRAUS, P.A.
Attorneys for Plaintiffs
1098 N.W. Boca Raton Boulevard
Boca Raton, Florida 33432
Tel: (561) 394-9099

By: _____
GERI SUE STRAUS, ESQ.
Florida Bar #516880

4

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

TODD RENNA, and ELINA                    CASE NO.:
RENNA, his wife,

        Plaintiffs,

vs.

SEARS, ROEBUCK & COMPANY,

        Defendant.

_____/

## NOTICE OF SERVICE OF INTERROGATORIES TO
## DEFENDANT, SEARS, ROEBUCK & COMPANY

The Plaintiffs, TODD RENNA and ELINA RENNA, by and through their undersigned attorney,

propound the attached twenty-five (25) Interrogatories to Defendant, SEARS, ROEBUCK & COMPANY,

to be answered within forty-five (45) days in accordance with Florida Rule of Civil Procedure 1.340.

The undersigned counsel for the Plaintiffs certifies that the original and one (1) copy of these

Interrogatories were served upon the Defendant, SEARS, ROEBUCK & COMPANY, along with the

Summons and Complaint, and the original of this Notice was filed with the Court as provided in FCP Rule

1.080(d).

DATED this _6_ day of October, 1999.

        JACOBS & STRAUS, P.A.
        Attorneys for Plaintiffs
        1098 N.W. Boca Raton Boulevard
        Boca Raton, Florida 33432!
        Tel: (561) 394-9099

By: _____
        GERI SUE STRAUS, ESQ.
        Florida Bar #516880

## INSTRUCTIONS

Before answering the following Interrogatories, please make such inquiries of your agents, servants, employees, and/or attorneys as will enable you to make full and true answers to the following, in accordance with the applicable Florida Rules of Civil Procedure. Additionally, if more space is required, please use a separate sheet of paper and attach same behind the sheet where the respective question appears.

All questions herein refer to the accident which occurred on February 25, 1998, more fully described in the Complaint.

The use of the term SEARS, ROEBUCK & COMPANY shall also include its agents, employees and/or Sears Logistics Services, Inc.).

## INTERROGATORIES

1.      Please state your name, address and telephone number, the name of your employer, your position with the company and the dates of your employment.

2.      Please provide your understanding as to how the subject incident occurred.

3.      Please state the name and address of all employees who were working on the subject premises on February 25, 1998, including their location when Plaintiff's incident occurred, their position with Defendant and indicate the scope of their knowledge, if any, regarding any of the facts alleged in the Plaintiff's complaint.

4.    Are you contending that the Plaintiff, TODD RENNA, was at fault, or partially at fault, for the subject accident, and if so, state with specificity each act or omission the Plaintiff that you contend caused or contributed to the subject accident.

5.    Are you contending that TODD RENNA did not suffer a permanent injury in this accident?

   a. If your answer to question no. 5 is yes, state the names and addresses of any and all witnesses who will be testifying on your behalf in support of said position.

6.    State the factual basis for any and all affirmative defenses which you have asserted or intend to assert in your answer to the Plaintiffs' Complaint and which you claim you have to the subject action brought by the Plaintiffs.

7.    State the name and address of any and all expert witnesses consulted by you or retained by you with regard to this matter, and a synopsis of their opinions

8.    For any and all photographs known to you to have been taken of the accident situs, the subject ladder, and/or of the Plaintiff, state the number of photographs, the date they were taken, the name and address of the individual who took same, and the name and address of the individual who has custody of same.

9.    Have any measurements, diagrams or drawings or similar materials been prepared by you or on your behalf depicting the scene of the subject incident, and if so, state the name and address of the individual who took said measurements and prepared said documents, the name and address of the individual who has custody of same, and the dates that said measurements were taken and/or said documents were prepared.

10.     State the names, addresses and telephone numbers of any and all witnesses to the subject accident, known to you, your employees, agents or attorneys, and provide a synopsis of their knowledge regarding the subject incident.

11.     Please provide the date that the subject ladder was purchased, the name and address of the person and/or entity from whom it was purchased, the price of said ladder and the name and address of the person in custody of the purchase documentation.

12.     Please provide a detailed description of the subject ladder and in particular, an explanation of its use together with any and all instructions with regard thereto.

13.     Please provide the name and address of the manufacturer of the subject ladder, and identifying serial numbers.

14.    If the subject ladder has ever been repaired, please provide the name of the person and/or the entity who repaired the subject ladder and describe in detail the reason why it was repaired, the date of said repairs and an explanation of said repairs.

15.    Please provide the name of the person employed by the Defendant who was in charge of maintaining the subject ladder, including the person with the most knowledge regarding the use of said ladder on February 25, 1998.

16.    Please state whether there was any policy, written or verbal, in effect on February 25, 1998 force with respect to whether service personnel on the premises could use the subject ladder and if so, the name and address of the person with the most knowledge regarding said policy on February 25, 1998.

17.    Please state the name of the person(s) who inspected the subject ladder *immediately prior* to the subject accident and *immediately subsequent* to the subject accident and a synopsis of their findings.

18.    Please describe the floor on which the ladder was standing when Plaintiff was allegedly using it on February 25, 1998, including the name of the person with the most knowledge regarding maintenance of the subject floors on said date.

19.    Please provide the date that the floor, where the incident allegedly occurred, was cleaned/polished closest in proximity to the incident, and the person/entity who was in charge of cleaning/polishing the floor on February 25, 1998.

20.    Please provide the names of employees of either Sears, Roebuck & Co., and/or Sears Logistics Services, Inc., who were aware of the Plaintiff or any other employees of EMC Air Conditioning who used the subject ladder prior to the Plaintiff's accident, giving dates for said uses.

21.    Did any policy exist, either formal or informal, written or unwritten, on using equipment on the premises (including lifts, tools, etc.,) to assist service people in performing their jobs, and if so, the person with the most knowledge regarding said policy as it was in effect on February 25, 1998.

22.    Please provide the names of any and all persons who witnessed the subject accident and whether anyone saw the Plaintiff actually fall from the ladder and the names of all persons who were on the scene after Plaintiff's fall.

23.    Please provide the names of any and all persons who used the subject ladder during the 30 (thirty) days prior to the subject accident, and the last time the subject ladder was in use prior to the subject accident.

24.    Please state whether the "rubber feeting" on the bottom of the ladder were ever replaced, and if so, when they were purchased, by whom and the reason for said replacement.

25.    State the amount of applicable liability insurance coverage under the relative policy of insurance in effect on February 25, 1998.

BY:_____

STATE OF FLORIDA          )
                          )  : ss.
COUNTY OF __:_____)

     BEFORE ME, the undersigned authority, this day personally appeared

_____, as _____, of SEARS

LOGISTICS SERVICES, INC., who is personally known to me or who has produced

_____ (type of identification), as identification, who first being duly

sworn on oath by me, says: That he/she has read the attached answers to interrogatories, and that

the same are true and correct to the best of his/her knowledge.

     IN WITNESS WHEREOF, I hereunto set my hand and affix the seal of my office in the

County and State aforementioned this _____ day of _____, 19____.

                                 _____
                                 NOTARY PUBLIC

My commission expires:



IN THE CIRCUIT COURT OF THE
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

TODD RENNA, and ELINA
RENNA, his wife,

        Plaintiffs,

vs.

SEARS, ROEBUCK & COMPANY,

        Defendant.

CASE NO.:

**99017370**

## REQUEST FOR PRODUCTION TO SEARS, ROEBUCK & COMPANY

    **COME NOW**, the Plaintiffs, TODD RENNA and ALINA RENNA, by and through their undersigned attorney, and pursuant to the applicable Florida Rules of Civil Procedure, notice the Defendant to produce for inspection and/or copying within forty-five (45) days from the date of service hereof, the following:

**(Definition: The use of the term SEARS, ROEBUCK & COMPANY shall also include its agents, employees and/or Sears Logistics Services, Inc.).**

    1.    Any and all insurance policies including Declarations page providing coverage for any claimed injury or damage from the subject occurrence in effect on February 25, 1998.

    2.    Any statements taken of either of the Plaintiffs.

    3.    Any and all incident reports prepared by SEARS, ROEBUCK & COMPANY, relative to this incident.

    4.    Photographs taken of the scene of the incident, the subject ladder, the Plaintiff, or any facts or circumstances allegedly depicted pertaining to the subject incident.

5.      A list of all SEARS LOGISTICS SERVICES, INC's employees, including their addresses, and specifically those employees, including their addresses, who were working at said premises on the day of the subject accident. February 25, 1998.

6.      All training manuals, memorandum, videotapes, audio tapes, or other documentation setting forth SEARS, ROEBUCK & COMPANY's policies and procedures regarding the maintenance and inspection of its equipment, supervision of its employees and/or sub-contractors, including service repair persons, and if separate documents are prepared for its employees and/or sub-contractors and/or service repair persons, any similar documents prepared for the subject premises, which were in existence on February 25, 1998.

7.      Any video tape or photographs of the area described in the Complaint for the entire day of February 25, 1998.

8.      Any video tape or photographs of the subject ladder described in the Complaint for the entire day of February 25, 1998.

9.      All surveillance film of the Plaintiff.

10.      Any and all reports from medical physicians or other experts whom you intend to call to testify at trial in this cause.

11.      Copies of any purchase contracts and/or documents in connection with the subject ladder.

12.      Copies of any warranty information, warnings, instructions and/or maintenance procedures regarding the subject ladder.

13.      Copies of any and all correspondence between you and any manufacturer of the ladder regarding the subject incident.

14. Copies of any and all OSHA handbooks and/or documents regarding maintenance of the ladder and/or premises.

15. Copies of any and all documents pertaining to claims made in the three (3) years prior to the subject accident on the Defendant's premises including any ladders, the use of equipment, or the floors on said premises.

16. Copies of any and all documents pertaining to claims made in the three (3) years subsequent to the subject accident on the Defendant's premises including any ladders, the use of equipment, or the floors on said premises.

17. Any manuals or written documents pertaining to maintenance of equipment on the subject premises, including the subject ladder in effect on February 25, 1998.

18. Copies of any documentation regarding repair work, alterations or purchases for the subject ladder or any of its parts.

19. Copies of any and all incident reports and/or claims made subsequent to the subject accident regarding use of the subject ladder.

20. Copies of any videotapes or printed materials regarding maintenance procedures in effect on February 25, 1998 pertaining to the subject floors.

21. The subject ladder including the "rubber feeting" and/or the ability to inspect it.

Copies of the above requested documents and/or items are to be produced at the offices of the undersigned attorney.

**I HEREBY CERTIFY** that a copy of the foregoing has been served upon Defendant along with the Summons and Complaint as original process.

**DATED** this __6__ day of October, 1999.

JACOBS & STRAUS, P.A.
Attorneys for Plaintiffs
1098 N.W. Boca Raton Boulevard
Boca Raton, Florida 33432
Tel: (561) 394-9099


By: _____
     GERI SUE STRAUS, ESQ.
     Florida Bar #516880

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

TODD RENNA, and ELINA                    CASE NO.:
RENNA, his wife,

         Plaintiffs,                    **CACE**      **99017370**

vs.

SEARS, ROEBUCK & COMPANY,

        Defendant.

_____

## SUMMONS

THE STATE OF FLORIDA
To All and Singular the Sheriffs of said State:

     **YOU ARE HEREBY COMMANDED** to serve this Summons, Complaint, Interrogatories
and Request to Produce upon:

### SEARS, ROEBUCK & COMPANY

by Serving Summons upon its Registered Agent:

        **CT Corporation System**
        **1200 S. Pine Island Road**
        **Plantation, Florida 33324**

Defendant is required to serve defenses upon GERI SUE STRAUS, ESQ. Plaintiffs' attorney whose
address is:

        **JACOBS & STRAUS, P.A.**
        **1098 N.W. Boca Raton Boulevard**
        **Boca Raton, Florida 33432**

within twenty (20) days after service of this Summons on Plaintiffs' Attorney, exclusive of the day
of service, and to file the original of the defenses with the Clerk of this Court either before service
on Plaintiffs' attorney or immediately thereafter. If Defendant fails to do so, a default will be entered
against that Defendant for the relief demanded in the Complaint.

OCT 11 1999

WITNESS my hand and Seal of said Court.

Clerk of said Court          ROBERT E. LOCKWOOD

By:_____

          Deputy Clerk

DEBORAH A. LEWIS

A TRUE COPY
Circuit Court Seal

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT, IN AND
FOR BROWARD COUNTY, FLORIDA

TODD RENNA, and ELINA
RENNA, his wife,

      Plaintiffs,

vs.

SEARS, ROEBUCK & COMPANY,

      Defendant.

_____/

CIVIL DIVISION

CASE NO: 99-017370-21 [BURNSTEIN]

A TRUE COPY
ROBERT E. LOCKWOOD
JAN 0 5 2000

CONFORMEL
COPY

## DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME

    Defendant, SEARS, ROEBUCK AND CO., through its undersigned counsel and
pursuant to applicable rules of civil procedure, files this Motion for Enlargement of Time
within which to file a responsive pleading to the Complaint filed on behalf of Plaintiffs, TODD
RENNA and ELINA RENNA, and to file responses to discovery served upon it by Plaintiffs,
and in support thereof states as follows:

    1.    On October 12, 1999, CT Corporation System, as registered agent for Sears,
was served with the Complaint and accompanying discovery in the above-styled action.

    2.    Sears processed this matter in Illinois at its corporate offices in regular fashion
and has retained the undersigned counsel to represent its interest in Florida for this case.

    3.    Undersigned counsel has not, as yet, had an opportunity to sufficiently
acquaint itself with the facts of this matter in order to be able to file an appropriate
responsive pleading, and in order to file appropriate responses to the Request for
Production and Interrogatories served upon Sears by Plaintiffs.



RECEIVED

ARNSTEIN & LEHR

Todd Renna, et al. vs. Sears, Roebuck and Co.
Case No. 99-17370-21 [Burnstein]
Defendant's Motion for Enlargement of Time

4.     Sears requests a thirty (30) day enlargement of time within which to file a responsive pleading directed to the Complaint, and in which to file responses to the Request to Produce and Interrogatories.

WHEREFORE, Defendant, SEARS, ROEBUCK AND CO., respectfully requests this Court enter an Order granting its Motion for Enlargement of Time in which to file a responsive pleading directed to the Complaint, and in which to file responses to the said discovery, and for such other and further relief as this Court deems just.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. mail this 3rd day of January, 2000 to: Geri Sue Straus, Esq., JACOBS & STRAUS, P.A., 1098 N.W. Boca Raton Boulevard, Boca Raton, FL 33432.

ARNSTEIN & LEHR
Attorneys for Defendant,
SEARS, ROEBUCK AND CO.
Northbridge Centre - Suite 600
515 North Flagler Drive
West Palm Beach, FL  33401-4323
(561) 833-9800 [ofc]
(561) 655-5551 [fax]

ERIC A. GORDON
Florida Bar No.: 071341

83962_1

2

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT, IN AND FOR BROWARD COUNTY, FLORIDA

GENERAL CIVIL DIVISION

CASE NO: 99-017370-21 [BURNSTEIN]

**A TRUE COPY**
ROBERT E. LOCKWOOD
JAN 0 7 2000

TODD RENNA, and ELINA
RENNA, his wife,

      Plaintiffs,

vs

SEARS, ROEBUCK & COMPANY,

      Defendant.

_____/

**CONFORMED COPY**

## DEFENDANT, SEARS, ROEBUCK AND CO.'S
## REQUEST FOR ADMISSIONS

Defendant, SEARS, ROEBUCK AND CO., through its undersigned counsel and pursuant to Florida Rule of Civil Procedure 1.370, requests Plaintiffs, TODD RENNA and ELINA RENNA, admit the truth of the following statements:

1.    Please admit that you seek damages in excess of $75,000.00, exclusive of interest, costs and attorneys' fees.

2.    Please admit that you do not seek damages in excess of $75,000.00, exclusive of interest, costs and attorneys' fees.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via facsimile and U.S. mail this 4th day of January, 2000 to: Geri Sue Straus, Esq., JACOBS & STRAUS, P.A., 1098 N.W. Boca Raton Boulevard, Boca Raton, FL 33432.

RECEIVED

ARNSTEIN & LEHR

Todd Renna, et al. vs. Sears, Roebuck and Co.
Case No. 99-17370-21 [Burnstein]
Defendant's Request for Admissions

ARNSTEIN & LEHR
Attorneys for Defendant,
SEARS, ROEBUCK AND CO.
Northbridge Centre - Suite 600
515 North Flagler Drive
West Palm Beach, FL  33401-4323
(561) 833-9800 [ofc]
(561) 655-5551 [fax]

ERIC A. GORDON
Florida Bar No.: 071341

84062_1

2

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT, IN AND
FOR BROWARD COUNTY, FLORIDA

GENERAL CIVIL DIVISION

CASE NO: 99-017370-21 [BURNSTEIN]

TODD RENNA, and ELINA
RENNA, his wife,

     Plaintiffs,

vs.

SEARS, ROEBUCK & COMPANY,

     Defendant.

_____/



CONFORMED
COPY

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant, SEARS, ROEBUCK AND CO., through its undersigned counsel and pursuant to applicable rules of civil procedure, files this Answer and Affirmative Defenses to the Complaint filed on behalf of Plaintiffs, TODD RENNA and ELINA RENNA, and states as follows:

1.     In response to paragraph 1 of Plaintiffs' Complaint, Defendant admits only that Plaintiffs seek damages in excess of $15,000 for jurisdictional purposes. Defendant, however, denies that Plaintiffs are entitled to any recovery against this Defendant whatsoever.

2.     Defendant is without knowledge and therefore denies the allegations contained within paragraph 2 of Plaintiffs' Complaint and demands strict proof thereof.

3.     Defendant denies the allegations contained within paragraph 2 of Plaintiffs' Complaint and demands strict proof thereof.



RECEIVED
JAN 10 2000
ARNSTEIN & LEHR

Todd Renna, et al. vs. Sears, Roebuck and Co.
Case No. 99-17370-21 [Burnstein]
Defendant's Answer and Affirmative Defenses to Complaint

4.    Admits.

5.    Admits.

6.    Defendant denies the allegations contained within paragraph 6 of Plaintiffs' Complaint and demands strict proof thereof.

7.    Defendant denies the allegations contained within paragraph 7 of Plaintiffs' Complaint and demands strict proof thereof.

## COUNT I – NEGLIGENCE

8.    Admits.

9.    Defendant denies the allegations contained within paragraph 9 of Plaintiffs' Complaint and demands strict proof thereof.

10.    Defendant denies the allegations contained within paragraph 10 of Plaintiffs' Complaint and demands strict proof thereof.

11.    Defendant denies the allegations contained within paragraph 11 of Plaintiffs' Complaint and demands strict proof thereof.

12.    Defendant denies the allegations contained within paragraph 12 of Plaintiffs' Complaint and demands strict proof thereof.

## COUNT I – LOSS OF CONSORTIUM

13.    Defendant is without knowledge and therefore denies the allegations contained within paragraph 13 of Plaintiffs' Complaint and demands strict proof thereof.

Todd Renna, et al. vs. Sears, Roebuck and Co.
Case No. 99-17370-21 [Burnstein]
Defendant's Answer and Affirmative Defenses to Complaint

14.    Defendant denies the allegations contained within paragraph 14 of Plaintiffs'
Complaint and demands strict proof thereof.

15.    Defendant denies each and every allegation not specifically admitted herein
and demands strict proof thereof.

### AFFIRMATIVE DEFENSES

16.    **Negligence.**  As its first affirmative defense, Defendant states that at the time
and place alleged in the Complaint, Plaintiff, TODD RENNA, was negligent by failing to use
that degree of care which would have been used under the same or similar circumstances
by an ordinary, reasonable and prudent person, and this negligence on the part of Plaintiff,
TODD RENNA, was the sole proximate cause of the alleged injuries complained of in the
Complaint.

17.    **Comparative Negligence.**   As its second affirmative defense, Defendant
states that at the time and place alleged in the Complaint, Plaintiff, TODD RENNA, failed
to use that degree of care that would have been used under the same or similar
circumstances by an ordinary, reasonable and prudent person, and this negligence on the
part of Plaintiff, TODD RENNA, contributed to cause the alleged injuries complained of in
the Complaint.

18.    **Failure to Mitigate Damages.**   As its third affirmative defense, Defendant
states that Plaintiff, TODD RENNA, has failed to mitigate his damages, if any, and is
therefore not entitled to recovery of any damages which could have been mitigated.

Todd Renna, et al. vs. Sears, Roebuck and Co
Case No. 99-17370-21 [Burnstein]
Defendant's Answer and Affirmative Defenses to Complaint

19.    **Collateral Sources.**  As its fourth affirmative defense, Defendant states that Plaintiff, TODD RENNA, has been compensated by collateral sources and that Defendant is entitled to any set-offs or reductions in liability from the collateral sources available to Plaintiff.

20.    **Third-Party Negligence.**  As its fifth affirmative defense. Defendant states that the alleged injuries to Plaintiff, TODD RENNA, were caused in whole or in part by the negligence of third parties over whom defendant had no control.  Plaintiffs' claims against Defendant must therefore be reduced in proportion to the negligence of third parties.

21.    **Lack of Foreseeability.** As its sixth affirmative defense, Defendant states that the incident alleged in Plaintiffs' Complaint could not be anticipated and was, therefore, not reasonably foreseeable.

22.    **Open and Obvious Condition.** As its seventh affirmative defense, Defendant states that the condition complained of by Plaintiffs was one which was open and obvious and, as a result thereof, Plaintiffs are barred from recovery herein.

23.    Defendant reserves the right to supplement its affirmative defenses following completion of discovery proceedings in this case.

-4-

Todd Renna, et al. vs. Sears, Roebuck and Co.
Case No. 99-17370-21 [Burnstein]
Defendant's Answer and Affirmative Defenses to Complaint

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via facsimile and U.S. mail this 4th day of January, 2000 to: Geri Sue Straus, Esq., JACOBS & STRAUS, P.A., 1098 N.W. Boca Raton Boulevard, Boca Raton, FL 33432.

> ARNSTEIN & LEHR
> Attorneys for Defendant,
> SEARS, ROEBUCK AND CO.
> Northbridge Centre - Suite 600
> 515 North Flagler Drive
> West Palm Beach, FL  33401-4323
> (561) 833-9800 [ofc]
> (561) 655-5551 [fax]
>
>
> ERIC A. GORDON
> Florida Bar No.: 071341

84060_1

-5-

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT, IN AND
FOR BROWARD COUNTY, FLORIDA

TODD RENNA, and ELINA
RENNA, his wife,

CIVIL DIVISION

CASE NO: 99-17370-21 [BURNSTEIN]

    Plaintiffs,

**A TRUE COPY**
ROBERT E. LOCKWOOD
'JAN 1 0 2000

vs.

SEARS, ROEBUCK & COMPANY,

CONFORMED
COPY

    Defendant.

_____/

## DEFENDANT, SEARS, ROEBUCK AND CO.'S
## FIRST REQUEST FOR PRODUCTION TO PLAINTIFFS

Defendant, SEARS, ROEBUCK AND CO., through its undersigned counsel and
pursuant to applicable rules of civil procedure, hereby serves its First Request for Production
to Plaintiffs, TODD and ELINA RENNA. Responsive documents, as well as Plaintiffs' written
response to this production request, shall be made available to Defendant at the offices of
Defendant's counsel, at the address listed below, within the time provided pursuant to the
Florida Rules of Civil Procedure.

### Definitions and Instructions

I.     If an objection is made to any specification, for each item or category objected
to:

    (1)    State the specific ground for each objection; and

    (2)    Identify each such document by giving its date, the name of each
author (and each addressor, if different), the name of each addressee
(and each recipient, if different), and by giving any other information
necessary to identify such document or part thereof;

    (3)    Provide a description of the subject matter of each document or item.



II.    As used in this Request, "document" means any printed, written, typed, recorded, transcribed, taped, photographic, or graphic matter, however produced or reproduced, including but not limited to: any letter, correspondence, or communication of any sort; film, print or negative of photograph; sound recording, video recording; note, notebook, diary, calendar, minutes, memorandum, contract, agreement, or any amendment thereto; telex, telegram, cable; summary, report or record of telephone conversation, personal conversation, discussion, interview, meeting, conference, investigation, negotiation, act or activity; projection, work paper, or draft; computer output or input, data processing card; opinion or report of consultant; request, order, invoice or bill of lading; analysis, diagram, map, index, sketch, drawing, plan, charge, manual, brochure, pamphlet, advertisement, circular, newspaper or magazine clipping; press release; receipt, journal, ledger, schedule, bill, or voucher; financial statement, statement of account, bank statement, check book stubs, or register, canceled check, deposit slip, charge slip, tax return (income or other), requisition; file, study, graph, tabulation; any and all other writings and recordings of whatever nature whether signed or unsigned or transcribed, any and other data compilation from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonable usable form.

III.    The term "document" also includes:  (a) the original and/or any non-identical original copy including those with any marginal notes or comments, or showing additions, deletions, or substitutions; (b) drafts; (c) attachments to or enclosed with any document; and (d) every document referred to in any other document(s).

IV.    As used in this Request, "person" shall include any natural person, corporation, partnership, trust, proprietorship, unincorporated association, government, agency or any other entity.

V.    Where the singular is used with reference to any person, document or item, it shall include the plural if, in fact, there are more than one.

VI.    If there are no documents in existence that are requested in a particular specification, your response must include a statement to that effect.

VII.    If a document exists or has existed, but is not produced because it is in the control of a third party or because it has been lost or destroyed, please identify the document in detail and the name and address of the third party having control over the document or the manner and time in which it was lost or destroyed.

2

## Documents Requested

1.     Copies of any and all correspondence between Plaintiff(s) and Defendant, or any agents for Plaintiff(s) and Defendant, relating to the issues in the subject lawsuit.

2.     Copies of any and all medical reports, notes and memoranda from any doctor or physician who has examined, treated or been consulted by Plaintiff, or who has diagnosed the medical condition of Plaintiff, for the injuries alleged in the Complaint.

3.     Copies of any and all medical bills which you claim were incurred as a result of the incident in question.

4     Copies of any and all hospital records, including but not limited to, admitting sheets, physicians' orders and notes, operative reports, anesthetists' reports, progress records, physical examination sheets, history sheets, medication sheets, pathologists reports and nurses notes pertaining to the care and treatment of Plaintiff, at any time since the incident alleged in the Complaint.

5.     Copies of any and all documents, information or exhibits, including but not limited to, videotapes, photographs, reports, expert reports, medical records, charts, treatment summaries, physical evidence, products, studies, publications and models which you intend to use, present or which your experts or other witnesses in this cause intend to rely upon at the trial of this cause.

6.     Copies of any and all documents or other evidence upon which you rely or which relates to any element of damage for which you seek recovery in this cause.

7.     Copies of income tax returns filed by Todd Renna and Elina Renna, either individually or jointly, for the five (5) years prior to the year of the incident (i.e. 1993, 1994, 1995, 1996, 1997), including all attached schedules for each year.

8.     Copies of income tax returns filed by Todd Renna and Elina Renna, either individually or jointly, for the years 1998 and 1999 including all attached schedules for each year), together with a record of earnings to date in the current year.

9.     A copy of any and all witness statements and/or affidavits taken in this case.

10.     Any and all documents indicating the standard which the Plaintiff claims that the Defendant violated or breached which caused the subject incident.

11.     A copy of the marriage certificate between Plaintiffs.

12.     A copy of any professional licenses or certificates of achievement held by Plaintiff, Todd Renna.

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished

via U.S. mail this 7th day of January, 2000 to: Geri Sue Straus, Esq., JACOBS &

STRAUS, P.A., 1098 N.W. Boca Raton Boulevard, Boca Raton, FL 33432.

> ARNSTEIN & LEHR
> Attorneys for Defendant,
> SEARS, ROEBUCK AND CO.
> Northbridge Centre - Suite 600
> 515 North Flagler Drive
> West Palm Beach, FL  33401-4323
> (561) 833-9800
>
> ERIC A. GORDON
> Florida Bar No.: 071341

84238_1

4

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT, IN AND
FOR BROWARD COUNTY, FLORIDA

TODD RENNA, and ELINA
RENNA, his wife,

CIVIL DIVISION

CASE NO: 99-17370-21 [BURNSTEIN]

    Plaintiffs,

**A TRUE COPY**
ROBERT E. LOCKWOOD

vs.

SEARS, ROEBUCK & COMPANY,

CONFORMED COPY    JAN 1 0 2000

    Defendant.

## DEFENDANT, SEARS, ROEBUCK AND CO.'S
## FIRST SET OF INTERROGATORIES TO PLAINTIFF, ELINA RENNA

NOTICE IS HEREBY GIVEN that the original and a true copy of the First Set of Interrogatories, numbered 1 through 23, propounded by Defendant, SEARS, ROEBUCK AND CO., through its undersigned attorneys, have been furnished to Plaintiff, ELINA RENNA, in accordance with the Florida Rules of Civil Procedure.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. mail this 7th day of January, 2000 to: Geri Sue Straus, Esq., JACOBS & STRAUS. P.A., 1098 N.W. Boca Raton Boulevard, Boca Raton, FL 33432.

ARNSTEIN & LEHR
Attorneys for Defendant,
SEARS, ROEBUCK AND CO.
Northbridge Centre - Suite 600
515 North Flagler Drive
West Palm Beach, FL  33401-4323
(561) 833-9800

ERIC A. GORDON
Florida Bar No.: 071341

84236_1



## FIRST SET OF CONSORTIUM INTERROGATORIES TO PLAINTIFF, ELINA RENNA

### DEFINITIONS AND INSTRUCTIONS

1.    The term "document" shall mean any kind of written, recorded or graphic matter, however produced or reproduced, of any kind or description, whether sent or received, including originals, nonidentical copies (whether differing from the originals because of marginal notes or other material inserted therein or attached thereto, or otherwise), drafts and both sides thereof, and including, but not limited to, agreements, books, charts, correspondence, contracts, computer input and output, diaries, inter- and intra- office communications, invoices, letters, memoranda, medical records, notes and notations, papers and work papers, records, recordings of telephone and other conversations, recordings of interviews, recordings of conferences or other meetings, reports, studies, statements, summaries, statistical records, sound recordings, tabulations, telexes, telegrams, cables, transcripts, minutes, affidavits, opinions, analyses, evaluations, ledgers, journals, desk calendars, appointment books, lists, data processing records, microfilms or microfiche, photographs, charts, accounts, financial statements and reports thereof, all records kept by electronic, video, photographic or other mechanical means and things similar to any kind of the foregoing, however denominated.

2.    The term "person" shall include an individual, a partnership, a corporation and any association of persons.

3.    The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to bring within these interrogatories all information that might otherwise be construed as outside their scope.

4.    The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

5.    The term "fact" as used herein includes, without limitation, the following: circumstances, occurrences, occasions, events, incidences, oral communications, writings, episodes, experiences, happenings, transactions and all manner of other affairs, matters or things.

6.    The term "concerning" as used herein means referring to, describing, evidencing or constituting.

7.    When an interrogatory calls upon a party to "state the basis" of or for a particular claim, assertion, allegation or contention, the party shall:

        (a)    identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of

the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(b)    identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(c)    state separately the acts or omissions to act on the part of any person (identifying the acts or omissions act by stating their nature, time and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and

(d)    state separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

8.    These interrogatories shall be deemed to be continuing in nature, and if, after serving your answers, additional information becomes known or available that is responsive to these requests, then you are required to serve supplementary answers in a timely fashion.

9.    To the extent that precise and complete information cannot be furnished, such information as is available shall be supplied, together with an estimate of the precise and complete information. Where such an estimate is given, the methods employed in making each estimate shall be described.

10.    With respect to each document, oral statement or communication which you claim is privileged or subject to the work product doctrine, identify the document, statement or communication to the fullest extent possible, including the date, maker and recipient, the general subject matter, and the basis of the claim of privilege or work product.

11.    The terms "identify" and "identity" when used with regard to a person, partnership, corporation, or other business entity or association, means to give the name, nature of the business entity, present or last known address, and telephone number and also, if an individual, the full name, occupation and title, the present or last known address and last known employer, the address of the employer, and the position and job title of the person.

12.    The terms "identify" and "identity" when used with regard to a document means to give the type of document (e.g., letter, memorandum, telegram, report, etc.), the date, author, addressee, file and/or identifying number, and the name and address of its custodian and the custodian(s) of all copies or, if the document is no longer in existence, the date on which and the reason for which it was destroyed and by whom.

3

## FIRST SET OF CONSORTIUM INTERROGATORIES TO PLAINTIFF, ELINA RENNA

1.     Please state your name, age, date of birth, address, current employer, business address, social security number and your relationship to Plaintiff, Todd Renna.

**ANSWER**:

2.     Are you currently married to the Plaintiff, Todd Renna? If so, state the date and place of the marriage; alternatively, if the answer is no, state the date, place duration, date of termination, and reason for termination of the marriage.

**ANSWER**:

4

3.      Were you previously married?  If so, please give the name of each prior spouse, his/her last known address, the date and place of each prior marriage, and the date and method of dissolution of that marriage.

**ANSWER**:

4.      State the name, address and birth date of each of your children, if any.

**ANSWER**:

5

5.      State whether Plaintiff, Todd Renna, had been previously married and, if so, the name and address of each person to whom he/she had been previously married and the date of each such previous marriage.

**ANSWER**:

6.      Were you employed or self-employed at the time of the incident alleged in the Complaint or at any time within the five (5) years preceding the incident?  If so, state:

(a) the name, address and nature of each such business;

(b) the services or work performed;

(c) the average annual income for the years preceding the incident alleged;

(d) the hours and number of days worked per week; and

(e) the inclusive dates of such employment or self-employment.

**ANSWER**:

7.    Please state in detail what services, if any, Plaintiff, Todd Renna, performed for you or your household prior to the alleged accident.

**ANSWER**:

8.    Please state the dates between which Plaintiff, Todd Renna, was unable to perform regular duties for you or your household as a result of the incident alleged in the Complaint.

**ANSWER**:

7

9.      For the period of marriage <u>before</u> the incident alleged in the Complaint, and for the period <u>since</u> that time, how many hours per week did you spend in the presence of your husband, Todd Renna, excluding sleeping time, and how were these hours spent?

**ANSWER**:

10.      If you and Plaintiff, Todd Renna, during the course of your marriage, have been separated and residing in different places, state the dates of each separation.

**ANSWER**:

8

11.    If you and/or Plaintiff, Todd Renna, during the course of your marriage, have ever received counseling from a marriage counselor, psychologist, psychiatrist, social worker or other professional concerning your marriage relationship, state the name and address from whom the counseling was received and the dates upon which the counseling was received.

**ANSWER**:

12.    If domestic relations proceedings were ever instituted by either you or Plaintiff, Todd Renna, against the other, during the course of your marriage, state the dates upon which the proceedings were instituted and the name and location of the court in which said proceedings were instituted.

**ANSWER**:

9

13.     Describe any social, athletic, educational, religious or other activity in which you and Plaintiff, Todd Renna, engaged during the course of your marriage for relaxation or pleasure which you now claim has been affected by the incident alleged in the Complaint and state:

> (a) the nature of each activity;
>
> (b) the location of the place or places where each activity was undertaken;
>
> (c) the length of time and the frequency in which you and he had engaged in such activity; and
>
> (d) the approximate amount of time on a weekly basis that you and he engaged in each activity during the year immediately proceeding the incident alleged in the Complaint

**ANSWER**:

14.     Since the incident alleged in the Complaint, have you continued to participate in any of the activities referred to in the preceding interrogatory alone or with a person other than your husband?  If so, for each activity, state:

> (a) a description of the activity;
>
> (b) the number of hours for each of the 12 months before the incident that you participated in the activity by yourself or with a person other than your husband;
>
> (c) the number of hours for each of the 12 months after the accident that you participated in the activity by yourself or with a person other than your husband; and
>
> (d) the name and address of each person other than yourself that participated with you in the activity.

**ANSWER**:

10

15.    If you claim to have been deprived of the comfort of Plaintiff, Todd Renna, as a result of the incident alleged in the Complaint, describe in full detail how you were so deprived and the dates between which you were deprived.

**ANSWER**:

16.    If you claim to have been deprived of the care of Plaintiff, Todd Renna, as a result of the incident alleged in the Complaint, describe in full detail how you have been so deprived and the dates between which you have been deprived.

**ANSWER**:

11

17.    If you claim to have been deprived of the services of Plaintiff, Todd Renna, as a result of the incident alleged in the Complaint, describe in full detail how you have been so deprived and the dates between which you have been deprived.

**ANSWER**:

18.    If you claim to have deprived of the support of Plaintiff, Todd Renna, as a result of the incident alleged in the Complaint, describe in full detail how you have been so deprived and the dates between which you have been deprived.

**ANSWER**:

12

19.    Do you claim that the alleged injuries suffered by Plaintiff, Todd Renna, terminated or limited your sexual relations?  If so, state in what manner the injuries terminated or limited such relations, and describe the dates between which such relations were terminated or limited.

**ANSWER**:

20.    Did you engage in sexual relations with Plaintiff, Todd Renna, during the 12 month period immediately before the incident alleged in the Complaint?  If so, state the frequency of such relations over this period.

**ANSWER**:

13

21.    Have you engaged in sexual relations with Plaintiff, Todd Renna, since the incident alleged in the Complaint? If so, state the frequency of such relations since that time.

**ANSWER**:

22.    Have you suffered any financial losses as a result of the incident alleged in the Complaint? If so, itemize the nature and amounts of the financial losses.

**ANSWER**:

14

23.    If there is any activity, not referred to above, in which you and your husband participated together before the incident alleged in the Complaint which you claim has been limited or terminated because of your husband's alleged injuries, please state for each activity:

(a) a description of the activity;

(b) the injury which caused the termination or limitation:

(c) the extent to which such activity is limited, i.e., totally or partially; and

(d) whether your husband will be able to resume such activity at a future time and, if so, when.

**ANSWER**

15

## VERIFICATION

_____

ELINA RENNA

SUBSCRIBED AND SWORN TO

before me this _____ day of _____, 2000.

_____

NOTARY PUBLIC

16

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT, IN AND
FOR BROWARD COUNTY, FLORIDA

TODD RENNA, and ELINA
RENNA, his wife,

CIVIL DIVISION

CASE NO: 99-17370-21 [BURNSTEIN]

Plaintiffs,

**A TRUE COPY**
ROBERT E. LOCKWOOD

vs.

JAN 1 0 2000

SEARS, ROEBUCK & COMPANY,

CONFORMED
COPY

Defendant.

_____/

## DEFENDANT, SEARS, ROEBUCK AND CO.'S
## FIRST SET OF INTERROGATORIES TO PLAINTIFF, TODD RENNA

NOTICE IS HEREBY GIVEN that the original and a true copy of the First Set of

Interrogatories, numbered 1 through 28, propounded by Defendant, SEARS, ROEBUCK

AND CO., through its undersigned attorneys, have been furnished to Plaintiff, TODD

RENNA, in accordance with the Florida Rules of Civil Procedure.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished

via U.S. mail this 7th day of January, 2000 to: Geri Sue Straus, Esq., JACOBS &

STRAUS, P.A., 1098 N.W. Boca Raton Boulevard, Boca Raton, FL 33432.

ARNSTEIN & LEHR
Attorneys for Defendant,
SEARS, ROEBUCK AND CO.
Northbridge Centre - Suite 600
515 North Flagler Drive
West Palm Beach, FL 33401-4323
(561) 833-9800

ERIC A. GORDON
Florida Bar No.: 071341

84232_1

## FIRST SET OF INTERROGATORIES TO PLAINTIFF, TODD RENNA

## DEFINITIONS AND INSTRUCTIONS

1.     The term "document" shall mean any kind of written, recorded or graphic matter, however produced or reproduced, of any kind or description, whether sent or received, including originals, nonidentical copies (whether differing from the originals because of marginal notes or other material inserted therein or attached thereto, or otherwise), drafts and both sides thereof, and including, but not limited to, agreements, books, charts, correspondence, contracts, computer input and output, diaries, inter- and intra- office communications, invoices, letters, memoranda, medical records, notes and notations, papers and work papers, records, recordings of telephone and other conversations, recordings of interviews, recordings of conferences or other meetings, reports, studies, statements, summaries, statistical records, sound recordings, tabulations, telexes, telegrams, cables, transcripts minutes affidavits opinions analyses evaluations ledgers, journals, desk calendars, appointment books, lists, data processing records, microfilms or microfiche, photographs, charts, accounts, financial statements and reports thereof, all records kept by electronic, video, photographic or other mechanical means and things similar to any kind of the foregoing, however denominated.

2.     The term "person" shall include an individual, a partnership, a corporation and any association of persons.

3.     The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to bring within these interrogatories all information that might otherwise be construed as outside their scope.

4.     The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

5.     The term "fact" as used herein includes, without limitation, the following: circumstances, occurrences, occasions, events, incidences, oral communications, writings, episodes, experiences, happenings, transactions and all manner of other affairs, matters or things.

6.     The term "concerning" as used herein means referring to, describing, evidencing or constituting.

7.     When an interrogatory calls upon a party to "state the basis" of or for a particular claim, assertion, allegation or contention, the party shall:

          (a)     identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of

2

the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(b)     identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(c)     state separately the acts or omissions to act on the part of any person (identifying the acts or omissions act by stating their nature, time and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and

(d)     state separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

8.     These interrogatories shall be deemed to be continuing in nature, and if, after serving your answers, additional information becomes known or available that is responsive to these requests, then you are required to serve supplementary answers in a timely fashion.

9.     To the extent that precise and complete information cannot be furnished, such information as is available shall be supplied, together with an estimate of the precise and complete information. Where such an estimate is given, the methods employed in making each estimate shall be described.

10.     With respect to each document, oral statement or communication which you claim is privileged or subject to the work product doctrine, identify the document, statement or communication to the fullest extent possible, including the date, maker and recipient, the general subject matter, and the basis of the claim of privilege or work product.

11.     The terms "identify" and "identity" when used with regard to a person, partnership, corporation, or other business entity or association, means to give the name, nature of the business entity, present or last known address, and telephone number and also, if an individual, the full name, occupation and title, the present or last known address and last known employer, the address of the employer, and the position and job title of the person.

12.     The terms "identify" and "identity" when used with regard to a document means to give the type of document (e.g., letter, memorandum, telegram, report, etc.), the date, author, addressee, file and/or identifying number, and the name and address of its custodian and the custodian(s) of all copies or, if the document is no longer in existence, the date on which and the reason for which it was destroyed and by whom.

3

## FIRST SET OF INTERROGATORIES TO PLAINTIFF, TODD RENNA

1.      State the plaintiff's full name, social security and driver's license number, date and place of birth and current residence.

**ANSWER:**

2.      State the name, address, occupation or profession, and area of expertise of each person plaintiff expects to call as an expert witness at the trial of this cause and the subject matter on which each such person is expected to testify.  For each such person, state the substance of the facts and opinions to which each such person is expected to testify and give a summary of the grounds for each such opinion.

**ANSWER:**

4

3. Has plaintiff suffered any medical problems prior to the date of the occurrence? If so, state when the problems occurred, where they occurred, what generally were the problems, who treated plaintiff for these problems, and when was plaintiff treated by or seen medically for these problems.

**ANSWER:**

4. State the exact date, time and place of incident alleged in the Complaint.

**ANSWER:**

5

5.    State the full name, address, telephone number, age and relationship to plaintiff of each person, if any, who witnessed or claims to have witnessed the occurrence alleged in plaintiff's Complaint.

**ANSWER:**

6.    State the name and address of each person not named above who was present or claims to have been present at the scene immediately before, at the time of, or immediately after said occurrence.

**ANSWER:**

6

7.    List the names and addresses of all persons (other than yourself and persons previously listed) who have or claim to have any knowledge of the facts of said occurrence or the injuries and damages following from said occurrence, stating as to each the nature of the knowledge they claim to have.

**ANSWER:**

8.    State whether any governmental agency, including but not limited to fire and police departments, responded to or investigated the occurrence complained of in Plaintiff's Complaint. If so, please state the name of each governmental agency, the names of the personnel who responded or investigated, the address of each such agency, the dates of the investigations, and the dates of their reports, if any.

**ANSWER:**

7

9.    Describe the nature and extent of the injuries claimed to have been suffered as a result of the incident alleged in the Complaint.

**ANSWER:**

10.    State your complete employment history from five (5) years prior to the occurrence to the present, including the names, addresses and telephone numbers of your current and former employers and immediate supervisors, the dates of your employment, rate(s) of pay, and your job positions.

**ANSWER:**

8

11.    State whether the Plaintiff claims to have lost any time from work due to the incident alleged in the Complaint.  If so, state:

a.    the name and address of each such employer;

b.    the number and dates of hours and days lost;

c.    Plaintiff's hourly wage or salary;

d.    the specific amount of income lost;

e.    Plaintiff's occupation.

**ANSWER:**

12.    Has the Plaintiff or anyone on Plaintiff's behalf ever made claim for benefits under any insurance policy, including worker's compensation, or against any person or entity for any personal injuries or any physical condition?  If so, state:

a.    the injury or condition for which each claim was made;

b.    the name and address of the person or entity to whom or against whom each claim was made;

c.    the date of each claim;

d.    the date, nature and amount of any payment received;

e.    the name of the company issuing payments;

f.    the policy number from which payment was made; and

g.    the lawsuit caption and attorney's name.

**ANSWER:**

9

13.    With respect to the injuries claimed to have been suffered as a result of the incident alleged in the Complaint, state:

   a.    the nature and extent of any disability. and whether it was permanent or temporary;

   b.    the location of any pain suffered in the duration of such pain;

   c.    whether or not normal activities were restrained in any way due to the injuries claimed to have been suffered and the nature, extent, and duration of such restraint, if any; and

   d.    the inclusive dates Plaintiff was confined to bed. confined to home. totally disabled or partially disabled.

   ANSWER:

14.    Was any treatment rendered with respect to the injuries claimed to have been suffered as a result of the incident alleged in the Complaint?  If so, state:

   a.    the name and address of each institution, including but not limited to clinics, hospitals and ambulance services, at which Plaintiff was treated or admitted and the dates of said treatments;

   b.    the name and address of each medical practitioner who has examined, treated, conferred or consulted with you and the dates of said examination, treatment or consultation; and

   c.    the amount of any bill for services rendered as a result of such treatment or consultation, and whether each such bill has been paid.

   **ANSWER:**

15.     During the ten (10) years immediately prior to the date of said occurrence, had Plaintiff been confined in a hospital, treated by a physician or x-rayed for any reason other than personal injury?  If so, give the name and address of each such hospital, physician, technician or clinic, the approximate date(s) of the confinement or service. and state in general the reason for such confinement or service.

**ANSWER:**

16.     Since the date of the incident alleged in the Complaint, has the Plaintiff been treated or examined or conferred or consulted with any medical practitioner whose name has not heretofore been listed in the answers to these interrogatories?  If so, state:

a.      the name, and address of each such medical practitioner and the dates services were rendered;

b.      the condition for which such care, treatment or attention was rendered; and

c.      the amount of any bill for services rendered as a result of such treatment or consultation and whether such bill has been paid.

**ANSWER:**

11

17.   Is the Plaintiff presently receiving medical treatment or services of any nature whatsoever?  If so, state:

   a.   the name and address of each medical practitioner treating Plaintiff:

   b.   the approximate frequency of said treatment or service;

   c.   the most recent date Plaintiff received said treatment or service; and

   d.   the amount of any bill for services rendered as a result of such treatment and whether such bill has been paid.

   **ANSWER:**

18.   Had Plaintiff suffered any personal injury, been involved in any accident or been treated for a personal injury prior to the date of said occurrence?  If so, state when, where and how he was so injured, and describe in general the injuries suffered.

   **ANSWER:**

12

19.    Has the Plaintiff or anyone on Plaintiff's behalf sustained any additional financial losses as a result of the incident alleged in the Complaint, other than those which have heretofore been listed and answered in these interrogatories?  If so, state:

    a.    the nature and amount of each such loss;

    b.    the date thereof; and

    c.    the name and address of each person who received any money so claimed as an additional loss.

**ANSWER:**

20.    Has the Plaintiff ever been a party to any other litigation?  If so, state the Court in which said suit was filed, the year filed, the title and docket number of said case, and describe the nature of the claim in that case.

**ANSWER:**

13

21.    Were any photographs taken of the scene of the occurrence or the persons involved? If so, state the date or dates on which such photographs were taken, the subjects thereof and the name, address and telephone number of whoever has custody of the photographs.

**ANSWER:**

22.    Do you have statements from any witnesses other than yourself? If so, give the name, address and telephone number of each such witness, the date of said statement and state whether such statement was written or oral.

**ANSWER:**

14

23.    Have any photographs, videotapes, films or diaries been prepared by or on behalf of Plaintiff, including "day in the life" films, purporting to demonstrate Plaintiff's injuries allegedly sustained in the accident alleged in Plaintiff's Complaint or any disability which Plaintiff may claim to have sustained as a result of the accident alleged in Plaintiff's Complaint or to be used for any purpose whatsoever in the trial of this case? If so Plaintiff is requested to identify each such item.

**ANSWER:**

24.    Was Plaintiff involved in any accidents (including but not limited to automobile accidents, work-related accidents, slip and falls, etc.) subsequent to the one in question? If so, please state the following:

  a.    the part of the body affected;

  b.    the name, address and any other identifying information of any and all health care providers which treated Plaintiff in connection with that injury or accident;

  c.    the cost of that treatment; and

  d.    the dates of that treatment.

**ANSWER:**

15

25.    List the names and addresses of all other persons who have knowledge of the facts of said subsequent occurrence or of the injuries and damages resulting therefrom.

**ANSWER:**

26.    Has any investigation been undertaken by Plaintiff or someone acting on Plaintiff's behalf in connection with the incident alleged in Plaintiff's Complaint?  If so, state:

     a.    the person or persons conducting said investigation;

     b.    the inclusive dates and location where each such investigation took place;

     c.    the nature of said investigation; and

     d.    a list of all documents, statements, notes, photographs or tangible things obtained in connection with said investigation and who presently has custody of them.

**ANSWER:**

16

27.    Has the Plaintiff or anyone acting on the Plaintiff's behalf obtained statements or reports, in any form, from any person regarding the incident alleged in the Complaint? If so, state:

    a.    the name of and address of each person making any such statement or report;

    b.    the date such statement or report was made; and

    c.    the name and address of each person who has custody of any such statement or report.

**ANSWER:**

28.    State the names and present or last known addresses of all persons known to you, your attorneys or agents, who have knowledge of any facts tending to show the length of time that the condition complained of in Plaintiff's Complaint existed.

**ANSWER:**

17

## <u>VERIFICATION</u>

_____

TODD RENNA

SUBSCRIBED AND SWORN TO

before me this _____ day of _____, 2000.

_____

NOTARY PUBLIC

18

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

TODD RENNA, and ELINA
RENNA, his wife,

                CASE NO.: 99-017370-21

         Plaintiffs,

vs.

SEARS, ROEBUCK & COMPANY,

         Defendant.

_____/

## PLAINTIFFS' REPLY TO DEFENDANT, SEARS, ROEBUCK & COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES

**COME NOW**, the Plaintiffs, TODD RENNA and ELINA RENNA, his wife, by and through

undersigned counsel, and hereby reply to Defendant, Sears, Roebuck & Company's Answer and

Affirmative Defenses as follows:

1.     The Plaintiffs deny each and every allegation contained in Defendant, Sears, Roebuck

& Company's Affirmative Defenses and demands strict proof thereof.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by mail

to ERIC A. GORDON, ESQ., Arnstein & Lehr., Attorneys for Defendant, Northbridge Centre, #600,

515 North Flagler Drive, West Palm Beach, Florida 33401, _12_ day of January, 2000.

JACOBS & STRAUS, P.A.
Attorneys for Plaintiffs
1098 NW Boca Raton Boulevard
Boca Raton, Florida 33432
Tel: (561) 394-9099

RECEIVED
JAN 1 4 2000
ARNSTEIN & LEHR

By: _____
       GERI SUE STRAUS, ESQ.
       Florida Bar #516880

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

TODD RENNA, and ELINA
RENNA, his wife,

CASE NO.: 99-017370-21

      Plaintiffs,

vs.

SEARS, ROEBUCK & COMPANY,

      Defendant.

## PLAINTIFFS' MOTION TO PRESERVE THE LADDER AND
## PREVENT DESTRUCTIVE TESTING

COME NOW, the Plaintiffs, TODD RENNA and ELINA RENNA, his wife, by and through

undersigned counsel, and submit this Motion for an Order directing that the Defendant (a) preserve

the subject ladder involved in this litigation without changes, modifications and/or alterations, (b)

refrain from destructive testing of the ladder, and (c) identify all contemplated destructive testing

protocol/methodology of the ladder, and in support thereof states the following:

      1.      On or about October 9, 1999, Plaintiffs commenced this action against the Defendant.

The Complaint alleges that the Plaintiff, TODD RENNA, sustained personal injuries on February

25, 1998 while using a ladder that is allegedly owned and/or maintained by the Defendant.

      2.      The ladder is presently in the possession of the Defendant.  Plaintiffs do not object

to the ladder remaining in the Defendant's possession provided that no destructive testing take place

and that any destructive testing protocol/methodology to be used by their representatives be provided

to the Plaintiffs prior to the destructive testing so that the Plaintiffs can have the opportunity to be

heard by the Court before such destructive testing occurs.

RECEIVED

FEB 0 7 2000

ARNSTEIN & LEHR

3.    Plaintiffs request that the Defendant, its attorneys and representatives be prohibited from conducting any destructive testing which in any way may alter, change, modify and/or result in a failure to preserve the ladder pending completion of the trial in this case.

WHEREFORE, Plaintiffs request that the Court enter an Order (a) directing the Defendant, its counsel and representatives to preserve the ladder without any changes, modifications and/or alterations pending the outcome of the trial of this litigation, (b) directing the Defendants, its counsel and representatives refrain from conducting destructive testing of the ladder without reasonable notification to the Plaintiffs and/or their attorneys, and (c) directing that the Defendant, its counsel and representatives provide the undersigned attorney with any proposed destructive testing protocol/methodology prior to the destructive testing so that the Plaintiffs can have the opportunity to be heard by the Court before the destructive testing occurs.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a copy of the foregoing has been duly mailed to ERIC A. GORDON, ESQ., Arnstein & Lehr, Attorneys for Defendant, Northbridge Centre, #600, 515 North Flagler Drive, West Palm Beach, Florida 33401 this _31_ day of January, 2000.

JACOBS & STRAUS, P.A.
Attorneys for Plaintiffs
1098 NW Boca Raton Boulevard
Boca Raton, Florida 33432
Tel: (561) 394-9099

By: _____
GERI SUE STRAUS, ESQ.
Florida Bar #516880

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

TODD RENNA, and ELINA
RENNA, his wife,

CASE NO.: 99-017370-21

       Plaintiffs,

vs.

SEARS, ROEBUCK & COMPANY,

       Defendant.

_____/

### PLAINTIFFS RESPONSE TO DEFENDANT SEARS, ROEBUCK & COMPANY'S
### REQUEST FOR ADMISSIONS

**COME NOW** the Plaintiffs, TODD RENNA and ELINA RENNA, his wife, by and through their undersigned attorney, pursuant to Rule 1.370, Florida Rules of Civil Procedure, and hereby respond to Defendant Sears, Roebuck & Company's Request for Admissions as follows:

1.    Admitted.

2.    Denied.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by mail to ERIC A. GORDON, ESQ., Arnstein & Lehr, Attorneys for Defendant, Northbridge Centre, #600, 515 North Flagler Drive, West Palm Beach, Florida 33401, this _31_ day of January, 2000.

JACOBS & STRAUS, P.A.
Attorneys for Plaintiffs
1098 NW Boca Raton Boulevard
Boca Raton, Florida 33432
Tel: (561) 394-9099

By: _____
GERI SUE STRAUS, ESQ.
Florida Bar #516880

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT, IN AND
FOR BROWARD COUNTY, FLORIDA

TODD RENNA, and ELINA                CIVIL DIVISION
RENNA, his wife,
                                     CASE NO: 99-017370 21
        Plaintiffs,

vs.

SEARS, ROEBUCK & COMPANY,

        Defendant.
_____

**A TRUE COPY**
ROBERT E. LOCKWOOD

**CONFORMED
COPY**

## NOTICE OF PRODUCTION FROM NON-PARTIES

Pursuant to Florida Rule of Civil Procedure 1.351, you are notified that after ten (10)

days from the date of service of this Notice, if objections are not received, the undersigned

will issue and cause to be served pursuant to applicable procedural rules the attached

subpoenas <u>duces</u> <u>tecum</u> directed to:

1.    Records Custodian
      Westside Regional Medical Center <u>and/or</u>
      Glen Reinhart, M.D.
      8201 West Broward Boulevard
      Plantation, Florida 33324

2.    Records Custodian
      ConservCare, Inc.
      3056 Mercy Drive
      Orlando, Florida 32808

3.    Records Custodian
      Orthopaedic Associates USA
      350 North Pine Island Road
      Level 2
      Plantation, Florida 33324

Sears, Roebuck and Co. adv. Todd and Elina Renna
Broward County Circuit Court Case No. 99017370 21
Notice of Production From Non-Parties

4.  Records Custodian
    Sunrise Health Rehabilitation Center and/or
    Scott Tannenbaum, M.D.
    4800 North Nob Hill Road
    Sunrise, Florida 33351

5.  Records Custodian
    Bernard F. Miot, M.D.
    4101 N.W. 4th Street
    Plantation, Florida 33317

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished

via U.S. mail this _2nd_ day of February, 2000 to Geri Sue Straus, Esq., JACOBS &

STRAUS, P.A., 1098 N.W. Boca Raton Boulevard, Boca Raton, FL 33432.

ARNSTEIN & LEHR
Attorneys for Defendant,
SEARS, ROEBUCK AND CO.
Northbridge Centre - Suite 600
515 North Flagler Drive
West Palm Beach, FL  33401-4323
(561) 833-9900


ERIC A. GORDON
Florida Bar No.: 071341

85567_1

2

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT, IN AND
FOR BROWARD COUNTY, FLORIDA

TODD RENNA, and ELINA
RENNA, his wife,

Plaintiffs,

vs.

SEARS, ROEBUCK & COMPANY,

Defendant.

_____/

CIVIL DIVISION

CASE NO: 99-017370 21

## SUBPOENA DUCES TECUM WITHOUT DEPOSITION

TO:    Records Custodian
       Westside Regional Medical Center and/or
       Glen Reinhart, M.D.
       8201 West Broward Boulevard
       Plantation, Florida 33324

**YOU ARE HEREBY COMMANDED** to appear at the law office of ARNSTEIN & LEHR,

515 North Flagler Drive, Suite 600, West Palm Beach, FL 33401, on Friday, February 25, 2000

at 9:00 a.m. and to have with you at that time and place the following:

Any and all information and/or documentation that you may have in your care, custody

or control including, but not limited to, records, medical bills, medical reports, charts, x-rays, x-ray

reports, diagnostic testing, nurse's notes, doctor's orders, insurance papers, memos, notes,

correspondence, and any and all other written memoranda of whatever kind or description

pertaining to your care and treatment of Todd Renna,  Social Security No. 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,  from

the inception of your records to the present.

These items will be inspected and may be copied at that time.  You will not be required

to surrender the original items.  **You may comply with this subpoena by providing legible**

**copies of the items to be produced to the attorney whose name appears on this subpoena**

**on or before the scheduled date of production.  You may condition the preparation of the**

Sears, Roebuck and Co. adv. Todd and Elina Renna
Broward County Circuit Court Case No. 99017370 21
Subpoena Duces Tecum Without Deposition

copies upon the payment in advance of the reasonable cost of preparation. You may mail or deliver the copies to the attorney whose name appears on this subpoena and thereby eliminate the necessity of your appearance at the time and place specified above. You have the right to object to the production pursuant to this subpoena at any time before production by giving written notice to the attorney whose name appears on this subpoena.

If you fail to:

(a)     appear as specified; or

(b)     furnish the records instead of appearing as provided above; or

(c)     object to this subpoena,

you may be in contempt of court. You are subpoenaed by the attorneys whose names appear on this subpoena and unless excused from this subpoena by the attorneys or the Court, you shall respond to this subpoena as directed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. mail this _____ day of February, 2000 to Geri Sue Straus, Esq., JACOBS & STRAUS, P.A., 1098 N.W. Boca Raton Boulevard, Boca Raton, FL 33432.

ARNSTEIN & LEHR
Attorneys for Defendant,
SEARS, ROEBUCK AND CO.
Northbridge Centre - Suite 600
515 North Flagler Drive
West Palm Beach, FL 33401-4323
(561) 833-9800

ERIC A. GORDON
Florida Bar No.: 071341

85569_1

2

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT, IN AND
FOR BROWARD COUNTY, FLORIDA

TODD RENNA, and ELINA
RENNA, his wife,

CIVIL DIVISION

CASE NO: 99-017370 21

      Plaintiffs,

vs.

SEARS, ROEBUCK & COMPANY,

      Defendant.

_____/

## SUBPOENA DUCES TECUM WITHOUT DEPOSITION

TO:   Records Custodian
      ConservCare, Inc.
      3056 Mercy Drive
      Orlando, Florida 32808

**YOU ARE HEREBY COMMANDED** to appear at the law office of ARNSTEIN & LEHR,

515 North Flagler Drive, Suite 600, West Palm Beach, FL 33401, on Friday, February 25, 2000

at 9:30 a.m. and to have with you at that time and place the following:

Any and all information and/or documentation that you may have in your care, custody

or control including, but not limited to, records, medical bills, medical reports, charts, x-rays, x-ray

reports, diagnostic testing, nurse's notes, doctor's orders, insurance papers, memos, notes,

correspondence, and any and all other written memoranda of whatever kind or description

pertaining to your care and treatment of Todd Renna, Social Security No. 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, from

the inception of your records to the present.

These items will be inspected and may be copied at that time. You will not be required

to surrender the original items. **You may comply with this subpoena by providing legible**

**copies of the items to be produced to the attorney whose name appears on this subpoena**

**on or before the scheduled date of production. You may condition the preparation of the**

Sears, Roebuck and Co. adv. Todd and Elina Renna
Broward County Circuit Court Case No. 99017370 21
Subpoena Duces Tecum Without Deposition

copies upon the payment in advance of the reasonable cost of preparation. You may mail

or deliver the copies to the attorney whose name appears on this subpoena and thereby

eliminate the necessity of your appearance at the time and place specified above. You have the

right to object to the production pursuant to this subpoena at any time before production by

giving written notice to the attorney whose name appears on this subpoena.

If you fail to:

(a)    appear as specified; or

(b)    furnish the records instead of appearing as provided above; or

(c)    object to this subpoena,

you may be in contempt of court. You are subpoenaed by the attorneys whose names appear
on this subpoena and unless excused from this subpoena by the attorneys or the Court, you shall
respond to this subpoena as directed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished

via U.S. mail this _____ day of February, 2000 to Geri Sue Straus, Esq., JACOBS &

STRAUS, P.A., 1098 N.W. Boca Raton Boulevard, Boca Raton, FL 33432.

ARNSTEIN & LEHR
Attorneys for Defendant,
SEARS, ROEBUCK AND CO.
Northbridge Centre - Suite 600
515 North Flagler Drive
West Palm Beach, FL 33401-4323
(561) 833-9800


ERIC A. GORDON
Florida Bar No.: 071341

85569_3

2

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT, IN AND
FOR BROWARD COUNTY, FLORIDA

TODD RENNA, and ELINA
RENNA, his wife,

      Plaintiffs,

vs.

SEARS, ROEBUCK & COMPANY,

      Defendant.

_____/

CIVIL DIVISION

CASE NO: 99-017370 21

### SUBPOENA DUCES TECUM WITHOUT DEPOSITION

TO:   Records Custodian
      Orthopaedic Associates USA
      350 North Pine Island Road
      Level 2
      Plantation, Florida 33324

**YOU ARE HEREBY COMMANDED** to appear at the law office of ARNSTEIN & LEHR,

515 North Flagler Drive, Suite 600, West Palm Beach, FL 33401, on Friday, February 25, 2000

at 9:45 a.m. and to have with you at that time and place the following:

Any and all information and/or documentation that you may have in your care, custody

or control including, but not limited to, records, medical bills, medical reports, charts, x-rays, x-ray

reports, diagnostic testing, nurse's notes, doctor's orders, insurance papers, memos, notes,

correspondence, and any and all other written memoranda of whatever kind or description

pertaining to your care and treatment of Todd Renna, Social Security No. 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, from

the inception of your records to the present.

These items will be inspected and may be copied at that time. You will not be required

to surrender the original items. **You may comply with this subpoena by providing legible**

**copies of the items to be produced to the attorney whose name appears on this subpoena**

**on or before the scheduled date of production. You may condition the preparation of the**

Sears, Roebuck and Co. adv. Todd and Elina Renna
Broward County Circuit Court Case No. 99017370 21
Subpoena Duces Tecum Without Deposition

copies upon the payment in advance of the reasonable cost of preparation. You may mail
or deliver the copies to the attorney whose name appears on this subpoena and thereby
eliminate the necessity of your appearance at the time and place specified above. You have the
right to object to the production pursuant to this subpoena at any time before production by
giving written notice to the attorney whose name appears on this subpoena.

If you fail to:

(a)    appear as specified; or

(b)    furnish the records instead of appearing as provided above; or

(c)    object to this subpoena,

you may be in contempt of court. You are subpoenaed by the attorneys whose names appear
on this subpoena and unless excused from this subpoena by the attorneys or the Court, you shall
respond to this subpoena as directed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished
via U.S. mail this ____ day of February, 2000 to Geri Sue Straus, Esq., JACOBS &
STRAUS, P.A., 1098 N.W. Boca Raton Boulevard, Boca Raton, FL 33432.

ARNSTEIN & LEHR
Attorneys for Defendant,
SEARS, ROEBUCK AND CO.
Northbridge Centre - Suite 600
515 North Flagler Drive
West Palm Beach, FL  33401-4323
(561) 833-9800


ERIC A. GORDON
Florida Bar No.: 071341

85569_4

2

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT, IN AND
FOR BROWARD COUNTY, FLORIDA

TODD RENNA, and ELINA
RENNA, his wife,

        Plaintiffs,

vs.

SEARS, ROEBUCK & COMPANY,

        Defendant.

_____/

CIVIL DIVISION

CASE NO: 99-017370 21

## SUBPOENA DUCES TECUM WITHOUT DEPOSITION

TO:   Records Custodian
      Sunrise Health Rehabilitation Center <u>and/or</u>
      Scott Tannenbaum, M.D.
      4800 North Nob Hill Road
      Sunrise, Florida 33351

**YOU ARE HEREBY COMMANDED** to appear at the law office of ARNSTEIN & LEHR,

515 North Flagler Drive, Suite 600, West Palm Beach, FL 33401, on Friday, February 25, 2000

at 10:00 a.m. and to have with you at that time and place the following:

Any and all information and/or documentation that you may have in your care, custody

or control including, but not limited to, records, medical bills, medical reports, charts, x-rays, x-ray

reports, diagnostic testing, nurse's notes, doctor's orders, insurance papers, memos, notes,

correspondence, and any and all other written memoranda of whatever kind or description

pertaining to your care and treatment of Todd Renna, Social Security No. 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, from

the inception of your records to the present.

These items will be inspected and may be copied at that time. You will not be required

to surrender the original items. **You may comply with this subpoena by providing legible**

**copies of the items to be produced to the attorney whose name appears on this subpoena**

**on or before the scheduled date of production. You may condition the preparation of the**

Sears, Roebuck and Co. adv. Todd and Elina Renna
Broward County Circuit Court Case No. 99017370 21
Subpoena Duces Tecum Without Deposition

copies upon the payment in advance of the reasonable cost of preparation. You may mail or deliver the copies to the attorney whose name appears on this subpoena and thereby eliminate the necessity of your appearance at the time and place specified above. You have the right to object to the production pursuant to this subpoena at any time before production by giving written notice to the attorney whose name appears on this subpoena.

    If you fail to:

    (a)    appear as specified; or

    (b)    furnish the records instead of appearing as provided above; or

    (c)    object to this subpoena,

you may be in contempt of court. You are subpoenaed by the attorneys whose names appear on this subpoena and unless excused from this subpoena by the attorneys or the Court, you shall respond to this subpoena as directed.

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. mail this _____ day of February, 2000 to Geri Sue Straus, Esq., JACOBS & STRAUS, P.A., 1098 N.W. Boca Raton Boulevard, Boca Raton, FL 33432.

                ARNSTEIN & LEHR
                Attorneys for Defendant,
                SEARS, ROEBUCK AND CO.
                Northbridge Centre - Suite 600
                515 North Flagler Drive
                West Palm Beach, FL 33401-4323
                (561) 833-9800

                _____
                ERIC A. GORDON
                Florida Bar No.: 071341

85569_5

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT, IN AND
FOR BROWARD COUNTY, FLORIDA

TODD RENNA, and ELINA
RENNA, his wife,

        Plaintiffs,

vs.

SEARS, ROEBUCK & COMPANY,

        Defendant.

_____

CIVIL DIVISION

CASE NO: 99-017370 21

## SUBPOENA DUCES TECUM WITHOUT DEPOSITION

TO:   Records Custodian
      Bernard F. Miot, M.D.
      4101 N.W. 4th Street
      Plantation, Florida 33317

**YOU ARE HEREBY COMMANDED** to appear at the law office of ARNSTEIN & LEHR,

515 North Flagler Drive, Suite 600, West Palm Beach, FL 33401, on Friday, February 25, 2000

at 10:30 a.m. and to have with you at that time and place the following:

Any and all information and/or documentation that you may have in your care, custody

or control including, but not limited to, records, medical bills, medical reports, charts, x-rays, x-ray

reports, diagnostic testing, nurse's notes, doctor's orders, insurance papers, memos, notes,

correspondence, and any and all other written memoranda of whatever kind or description

pertaining to your care and treatment of Todd Renna, Social Security No. 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, from

the inception of your records to the present.

These items will be inspected and may be copied at that time. You will not be required

to surrender the original items. **You may comply with this subpoena by providing legible**

**copies of the items to be produced to the attorney whose name appears on this subpoena**

**on or before the scheduled date of production. You may condition the preparation of the**

Sears, Roebuck and Co. adv. Todd and Elina Renna
Broward County Circuit Court Case No. 99017370 21
Subpoena Duces Tecum Without Deposition

copies upon the payment in advance of the reasonable cost of preparation. You may mail or deliver the copies to the attorney whose name appears on this subpoena and thereby eliminate the necessity of your appearance at the time and place specified above. You have the right to object to the production pursuant to this subpoena at any time before production by giving written notice to the attorney whose name appears on this subpoena.

If you fail to:

(a)     appear as specified; or

(b)     furnish the records instead of appearing as provided above, or

(c)     object to this subpoena,

you may be in contempt of court. You are subpoenaed by the attorneys whose names appear on this subpoena and unless excused from this subpoena by the attorneys or the Court, you shall respond to this subpoena as directed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. mail this _____ day of February, 2000 to Geri Sue Straus, Esq., JACOBS & STRAUS, P.A., 1098 N.W. Boca Raton Boulevard, Boca Raton, FL 33432.

ARNSTEIN & LEHR
Attorneys for Defendant,
SEARS, ROEBUCK AND CO.
Northbridge Centre - Suite 600
515 North Flagler Drive
West Palm Beach, FL  33401-4323
(561) 833-9800


ERIC A. GORDON
Florida Bar No.: 071341

85569_7

2

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

TODD RENNA, and ELINA
RENNA, his wife,

CASE NO.: 99-017370-21

        Plaintiffs,

vs.

SEARS, ROEBUCK & COMPANY,

        Defendant.

_____

## REQUEST FOR COPIES

The Plaintiffs, RODD RENNA and ELINA RENNA, by and through undersigned counsel,

pursuant to 1.351(d), Fl.R.Civ.P., hereby requests the Defendant, SEARS, ROEBUCK &

COMPANY, to furnish the undersigned attorneys within ten (10) days of their receipt, legible copies

of all documents produced pursuant to that Defendant's Notice of Production from Non-Parties,

directed to the following non-parties:

> **Medical Records Custodian of:**
>
> Westside Regional Medical Center and/or Glen Reinhart, M.D.
> ConservCare Inc.
> Orthopaedic Associates USA
> Sunrise Health Rehabilitation Center and/or Scott Tannenbaum, M.D.
> Bernard F. Miot, M.D.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been duly mailed to ERIC A.

GORDON, ESQ., Arnstein & Lehr, Attorneys for Defendant, Northbridge Centre, #600, 515 North

Flagler Drive, West Palm Beach, Florida 33401 this ⊔ day of February, 2000.



RECEIVED

ARNSTEIN & LEHR

JACOBS & STRAUS, P.A.
Attorneys for Plaintiffs
1098 NW Boca Raton Boulevard
Boca Raton, Florida 33432
Tel: (561) 394-9099


By:_____
    GERI SUE STRAUS, ESQ.
    Florida Bar #516880

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT, IN AND FOR BROWARD COUNTY, FLORIDA

TODD RENNA, and ELINA
RENNA, his wife,

CIVIL DIVISION

CASE NO: 99-17370-21 [BURNSTEIN]

       Plaintiffs,

vs.

SEARS, ROEBUCK & COMPANY,

       Defendant.

_____/

### DEFENDANT, SEARS, ROEBUCK AND CO.'S RESPONSE TO REQUEST FOR PRODUCTION

Defendant, SEARS, ROEBUCK AND CO., through its undersigned counsel and pursuant to applicable rules of civil procedure, hereby responds to Plaintiffs, TODD and ELINA RENNA'S Request for Production filed by Plaintiff on October 6, 1999.

1.     Any and all insurance policies including Declarations page providing coverage for any claimed injury or damage from the subject occurrence in effect on February 25, 1998.

**ANSWER:**

Sears Logistics Services is listed as an additional insured under the Certificate of Insurance issued by Pinnacle Assurance Corp. to EMC Corp. The amount of coverage is $500,000. A copy of that document will be furnished to Plaintiff's counsel under separate cover. Also, Sears Logistics Services is a self-insured entity with sufficient coverage to satisfy Plaintiffs' claims.

2.     Any and all statements taken of either of the Plaintiffs.

**ANSWER:**

None.

Todd Renna, et al. vs. Sears, Roebuck and Co.
Case No. 99-17370-21 [Burnstein]
Defendant's Response to Request for Production

3.    Any and all incident reports prepared by SEARS, ROEBUCK & COMPANY, relative to this incident.

**ANSWER:**

Defendant objects to this request on the grounds that the information sought is protected by the attorney-client and work product privileges. The document withheld was completed by an employee of Sears Logistics Services loss prevention department immediately after the incident occurred. The document includes information on the plaintiff as well as information on the facts of the occurrence. The document was specifically prepared by SLS employees in anticipation of litigation and is thereby protected from discovery. See Sears, Roebuck and Co. v. Scott, 481 So. 2d 968 (Fla. 4th DCA 1986).

4.    Photographs taken of the scene of the incident, the subject ladder, the Plaintiff, or any facts or circumstances allegedly depicted pertaining to the subject incident.

**ANSWER:**

Photographs of the subject ladder will be furnished to Plaintiffs' counsel under separate cover.

5.    A list of all SEARS LOGISTICS SERVICES, INC.'s employees, including their addresses, and specifically those employees, including their addresses, who were working at said premises on the day of the subject accident, February 25, 1998.

**ANSWER:**

Objection. No such document exists and need not be created in an attempt to comply with this Request for Production. However, this information is contained with the answer to interrogatory number 3.

6.    All training manuals, memorandum, videotapes, audio tapes, or other documentation setting forth SEARS, ROEBUCK & COMPANY's policies and procedures regarding the maintenance and inspection of its equipment, supervision of its employees and/or sub-contractors, including service repair persons, and if separate documents are prepared for its employees and/or sub-contractors and/or service repair persons, any similar

2

Todd Renna, et al. vs. Sears, Roebuck and Co.
Case No. 99-17370-21 [Burnstein]
Defendant's Response to Request for Production

documents prepared for the subject premises, which were in existence on February 25, 1998.

**ANSWER:**

None.


7.      Any videotape or photographs of the area described in the Complaint for the entire day of February 25, 1998.

ANSWER:

None.


8.      Any videotape or photographs of the subject ladder described in the Complaint for the entire day of February 25, 1998.

**ANSWER:**

See answer to Request for Production number 4 as to photographs.  See answer to Request for Production number 7 as to videotapes.


9.      All surveillance film of the Plaintiff.

**ANSWER:**

None.


10.      Any and all reports from medical physicians or other experts whom you intend to call to testify at trial in this cause.

**ANSWER:**

None at this time.

Todd Renna, et al. vs. Sears. Roebuck and Co.
Case No. 99-17370-21 [Burnstein]
Defendant's Response to Request for Production

11.    Copies of any purchase contracts and/or documents in connection with the subject ladder.

**ANSWER:**

None.

12.    Copies of any warranty information, warnings, instructions and/or maintenance procedures regarding the subject ladder.

ANSWER:

All warnings and instructions regarding the use of the subject ladder are contained on the ladder.  As to the remaining portions of the request, the answer is none.

13.    Copies of any and all correspondence between you and any manufacturer of the ladder regarding the subject incident.

**ANSWER:**

None.

14.    Copies of any and all OSHA handbooks and/or documents regarding maintenance of the ladder and/or premises.

**ANSWER:**

None.

15.    Copies of any and all documents pertaining to claims made in the three (3) years prior to the subject accident on the Defendant's premises including any ladders, the use of equipment, or the floors on said premises.

**ANSWER:**

None.

4

Todd Renna, et al. vs. Sears, Roebuck and Co
Case No. 99-17370-21 [Burnstein]
Defendant's Response to Request for Production

16.    Copies of any and all documents pertaining to claims made in the three (3) years subsequent to the subject accident on the Defendant's premises including any ladders, the use of equipment, or the floors on said premises.

**ANSWER:**

None.

17.    Any manuals or written documents pertaining to maintenance of equipment on the subject premises, including the subject ladder in effect on February 25, 1998.

**ANSWER:**

None.

18.    Copies of any documentation regarding repair work, alternations or purchases for the subject ladder or any of its parts.

**ANSWER:**

None.

19.    Copies of any and all incident reports and/or claims made subsequent to the subject accident regarding use of the subject ladder.

**ANSWER:**

None.

20.    Copies of any videotapes or printed materials regarding maintenance procedures in effect on February 25, 1998 pertaining to the subject floors.

**ANSWER:**

None.

Todd Renna, et al. vs. Sears. Roebuck and Co
Case No. 99-17370-21 [Burnstein]
Defendant's Response to Request for Production

21.   The subject ladder including the "rubber footing" or the ability to inspect it.

**ANSWER:**

Defendant will make the subject ladder available for inspection by Plaintiff's counsel upon reasonable notice to Defendant's counsel at the below address.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. mail this _10th_ day of February, 2000 to: Geri Sue Straus, Esq., JACOBS & STRAUS, P.A., 1098 N.W. Boca Raton Boulevard, Boca Raton, FL 33432.

ARNSTEIN & LEHR
Attorneys for Defendant,
SEARS, ROEBUCK AND CO.
Northbridge Centre - Suite 600
515 North Flagler Drive
West Palm Beach, FL 33401-4323
(561) 833-9800 [telephone]
(561) 655-5551 [telefax]

ERIC A. GORDON
Florida Bar No.: 071341

82271_1

6

# ACORD. CERTIFICATE OF INSURANCE

DATE (MM/DD/YY)
02/25/98

| PRODUCER | |
|---|---|
| FRANK H. FURMAN, INC.<br>FRANK H. FURMAN #2662266604016<br>P. O. BOX 1927<br>POMPANO BEACH,        FL 33061 | THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. |

| | COMPANIES AFFORDING COVERAGE |
|---|---|
| COMPANY A | PINNACLE ASSURANCE CORP |
| COMPANY B | |

| INSURED | |
|---|---|
| E M C CORP<br><br>4053 N E 7 AVENUE<br>FT LAUDERDALE        FL 33334-3000 | COMPANY C |
| | COMPANY D |

## COVERAGES

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED, NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| CO LTR | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|
| | GENERAL LIABILITY | | | | GENERAL AGGREGATE | $ |
| | ☐ COMMERCIAL GENERAL LIABILITY | | | | PRODUCTS - COMP/OP AGG | $ |
| | ☐ CLAIMS MADE  ☐ OCCUR | | | | PERSONAL & ADV INJURY | $ |
| | ☐ OWNER'S & CONTRACTOR'S PROT | | | | EACH OCCURRENCE | $ |
| | | | | | FIRE DAMAGE (Any one fire) | $ |
| | | | | | MED EXP (Any one person) | $ |
| | AUTOMOBILE LIABILITY | | | | COMBINED SINGLE LIMIT | $ |
| | ☐ ANY AUTO | | | | | |
| | ☐ ALL OWNED AUTOS | | | | BODILY INJURY (Per person) | $ |
| | ☐ SCHEDULED AUTOS | | | | | |
| | ☐ HIRED AUTOS | | | | BODILY INJURY (Per accident) | $ |
| | ☐ NON-OWNED AUTOS | | | | | |
| | | | | | PROPERTY DAMAGE | $ |
| | GARAGE LIABILITY | | | | AUTO ONLY - EA ACCIDENT | $ |
| | ☐ ANY AUTO | | | | OTHER THAN AUTO ONLY: | |
| | | | | | EACH ACCIDENT | $ |
| | | | | | AGGREGATE | $ |
| | EXCESS LIABILITY | | | | EACH OCCURRENCE | $ |
| | ☐ UMBRELLA FORM | | | | AGGREGATE | $ |
| | ☐ OTHER THAN UMBRELLA FORM | | | | | |
| A. | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY | 407398701 | 1/01/98 | 1/01/99 | X ☐ STATUTORY LIMITS | |
| | THE PROPRIETOR/ PARTNERS/EXECUTIVE OFFICERS ARE: ☐ INCL ☐ EXCL | | | | EACH ACCIDENT | $ 500,000 |
| | | | | | DISEASE - POLICY LIMIT | $ 500,000 |
| | | | | | DISEASE - EACH EMPLOYEE | $ 500,000 |
| | OTHER | | | | | |

DESCRIPTION OF OPERATIONS/LOCATIONS/VEHICLES/SPECIAL ITEMS

FAX 846-7712

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| SEARS LOGISTICS<br>ATTN: SYLVIA<br>900 INTERNATIONAL PARKWAY<br>SUNRISE        FL 33325 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING COMPANY WILL ENDEAVOR TO MAIL 10 DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO MAIL SUCH NOTICE SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE COMPANY, ITS AGENTS OR REPRESENTATIVES. |
| | AUTHORIZED REPRESENTATIVE<br>Frank H. Furman Jr.  CS A |

ACORD 25-S (1/93)                                                                 © ACORD CORPORATION 199







IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT, IN AND
FOR BROWARD COUNTY, FLORIDA

TODD RENNA, and ELINA
RENNA, his wife,

       Plaintiffs,

vs.

SEARS, ROEBUCK & COMPANY,

       Defendant.

_____/

CIVIL DIVISION

CASE NO: 99-17370-21 [BURNSTEIN]

## NOTICE OF FILING ANSWERS TO INTERROGATORIES

Defendant, SEARS, ROEBUCK AND CO., through its undersigned counsel and

pursuant to applicable rules of civil procedure, hereby gives notice that the original Answers

to Interrogatories, filed by Plaintiffs, TODD RENNA and ELINA RENNA, on October 6, 1999,

were mailed to counsel for Plaintiffs this _10th_ day of February, 2000.

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished

via U.S. mail this _10th_ day of February, 2000 to: Geri Sue Straus, Esq., JACOBS &

STRAUS, P.A., 1098 N.W. Boca Raton Boulevard, Boca Raton, FL 33432.

               ARNSTEIN & LEHR
               Attorneys for Defendant,
               SEARS, ROEBUCK AND CO.
               Northbridge Centre - Suite 600
               515 North Flagler Drive
               West Palm Beach, FL  33401-4323
               (561) 833-9800 [ofc]
               (561) 655-5551 [fax]

               ERIC A. GORDON
               Florida Bar No.: 071341

82478_1

Todd Renna, et al. vs. Sears, Roebuck and Co.
Case No. 99-17370-21 [Burnstein]
Defendant's Answers to Plaintiffs' Interrogatories

## DEFENDANT'S ANSWERS TO PLAINTIFFS' INTERROGATORIES

1.   Please state your name, address and telephone number, the name of your employer, your position with the company and the dates of your employment.

   **ANSWER:**

   Silvia Sarria
   MDO Manager
   Sears Logistics Group
   Sears Logistics Services, Inc.
   900 International Parkway
   Sunrise, FL 33325

2.   Please provide your understanding as to how the subject incident occurred.

   **ANSWER:**

   Upon information and belief, Todd Renna, without the authority or consent of Sears, SLS or any of its employees, took a broken ladder (which was not in use) from a maintenance area at the SLS facility in Sunrise and attempted to use this ladder while performing service on the air conditioning equipment at the SLS facility.

2

Todd Renna, et al. vs. Sears, Roebuck and Co
Case No. 99-17370-21 [Burnstein]
Defendant's Answers to Plaintiffs' Interrogatories

3.    Please state the name and address of all employees who were working on the subject premises on February 25, 1998, including their location when Plaintiff's incident occurred, their position with Defendant and indicate the scope of their knowledge, if any, regarding any of the facts alleged in the Plaintiff's Complaint.

**ANSWER:**

    1.    Silvia Sarria
          Sears Logistics Services, Inc.
          900 International Parkway
          Sunrise, FL 33325

    2.    Magda Aponte
          Sears Logistics Services, Inc.
          900 International Parkway
          Sunrise, FL 33325

Both witnesses were working on the premises on the incident date, but neither witnessed the incident.

4.    Are you contending that the Plaintiff, TODD RENNA, was at fault, or partially at fault, for the subject accident, and if so, state with specificity each act or omission of the Plaintiff that you contend caused or contributed to the subject accident.

**ANSWER:**

Yes. Upon information and belief, Todd Renna, without the authority or consent of Sears, SLS or any of its employees, took a broken ladder (which was not in use) from a maintenance area at the SLS facility in Sunrise and attempted to use this ladder while performing service on the air conditioning equipment at the SLS facility.

3

Todd Renna, et al. vs. Sears, Roebuck and Co.
Case No. 99-17370-21 [Burnstein]
Defendant's Answers to Plaintiffs' Interrogatories

5.    Are you contending that TODD RENNA did not suffer a permanent injury in this accident?

   a.    If your answer to question No. 5 is yes, state the names and addresses of any and all witnesses who will be testifying on your behalf in support of said position.

   **ANSWER:**

   Unknown at this time.  Discovery is ongoing and in its initial stages.

6.    State the factual basis for any and all affirmative defenses which you have asserted or intend to assert in your answer to the Plaintiffs' Complaint and which you claim you have to the subject action brought by the Plaintiffs.

   **ANSWER:**

   Upon information and belief, Todd Renna, without the authority or consent of Sears, SLS or any of its employees, took a broken ladder (which was not in use) from a maintenance area at the SLS facility in Sunrise and attempted to use this ladder while performing service on the air conditioning equipment at the SLS facility.

4

Todd Renna, et al. vs. Sears, Roebuck and Co.
Case No. 99-17370-21 [Burnstein]
Defendant's Answers to Plaintiffs' Interrogatories

7.    State the name and the address of any and all expert witnesses consulted by you
      or retained by you with regard to this matter, and a synopsis of their opinions.

      **ANSWER:**

      None.

8.    For any and all photographs known to you to have been taken of the accident situs,
      the subject ladder, and/or of the Plaintiff, state the number of photographs, the date
      they were taken, the name and address of the individual who took same, and the
      name and address of the individual who has custody of same.

      **ANSWER:**

      Defendant's counsel has in his possession three (3) photographs of the subject
ladder which were taken by Silvia Sarria on the incident date following the incident.

5

Todd Renna, et al. vs. Sears, Roebuck and Co.
Case No. 99-17370-21 [Burnstein]
Defendant's Answers to Plaintiffs' Interrogatories

9.     Have any measurements, diagrams or drawings or similar materials been prepared
       by you or on your behalf depicting the scene of the subject incident, and if so, state
       the name and address of the individual who took said measurements and prepared
       said documents, the name and address of the individual who has custody of same,
       and the dates that said measurement were taken and/or said documents were
       prepared.

       **ANSWER:**

       No.

10.    State the names, addresses and telephone numbers of any and all witnesses to the
       subject accident, known to you, your employees, agents or attorneys, and provide
       a synopsis of their knowledge regarding the subject incident.

       **ANSWER:**

       None.

6

Todd Renna, et al. vs. Sears, Roebuck and Co.
Case No. 99-17370-21 [Burnstein]
Defendant's Answers to Plaintiffs' Interrogatories

11.   Please provide the date that the subject ladder was purchased, the name and address of the person and/or entity from wwhom it was purchased, the price of said ladder and the name and address of the person in custody of the purchase documentation.

**ANSWER:**

The subject ladder was acquired in October 1994 when the SLS facilities in Miami and Fort Lauderdale were consolidated. The subject ladder originally came from the Fort Lauderdale facility. As to the remaining portions of this interrogatory, the answer is unknown

12.   Please provide a detailed description of the subject ladder and in particular, an explanation of its use together with any and all instructions with regard thereto.

**ANSWER:**

The ladder size is 16 feet (4.88 meters). Maximum extended working length is 13 feet. Highest standing level is 10 feet, 4 inches (3.4 meters). Instructions for the use of the subject ladder are contained thereon. The subject ladder is available for inspection by Plaintiff's counsel upon reasonable notice to Defendant's counsel at the below address.

7

Todd Renna, et al. vs. Sears, Roebuck and Co.
Case No. 99-17370-21 [Burnstein]
Defendant's Answers to Plaintiffs' Interrogatories

13.    Please provide the name and address of the manufacturer of the subject ladder, and identifying serial numbers.

   **ANSWER:**

   Unknown at this time.

14.    If the subject ladder has ever been repaired, please provide the name of the person and/or entity who repaired the subject ladder and describe in detail the reason why it was repaired, the date of said repairs and an explanation of said repairs.

   **ANSWER:**

   Unknown at this time.

8

Todd Renna, et al. vs. Sears, Roebuck and Co.
Case No. 99-17370-21 [Burnstein]
Defendant's Answers to Plaintiffs' Interrogatories

15.    Please provide the name of the person employed by the Defendant who was in charge of maintaining the subject ladder, including the person with the most knowledge regarding the use of said ladder on February 25, 1998.

**ANSWER:**

Silvia Sarria.

16.    Please state whether there was any policy, written or verbal, in effect on February 25, 1998 with respect to whether service personnel on the premises could use the subject ladder and if so, the name and address of the person with the most knowledge regarding said policy on February 25, 1998.

**ANSWER:**

There was no formal "policy" regarding the ladder, but it was kept in a maintenance area and marked "HOLD". It was not used by any employees of Sears or SLS, and was not used by any service personnel. Silvia Sarria has the most knowledge in this regard.

9

Todd Renna, et al. vs. Sears, Roebuck and Co.
Case No. 99-17370-21 [Burnstein]
Defendant's Answers to Plaintiffs' Interrogatories

17.    Please state the name of the person(s) who inspected the subject ladder
       ***immediately prior*** to the subject accident and ***immediately subsequent*** to the
       subject accident and a synopsis of their findings.

       **ANSWER:**

       Upon information and belief, the only individual who inspected the subject ladder
immediately prior to the accident was the plaintiff, Todd Renna. Silvia Sarria inspected the
subject ladder immediately after the accident and found it was in the same condition that
it had been while it was being held in the maintenance area, to wit, with a bent leg and
missing rubber footing on one leg. It is unknown whether any other individuals inspected
the subject ladder either immediately prior to, or immediately subsequent to, the accident.

18.    Please describe the floor on which the ladder was standing when Plaintiff was
       allegedly using it on February 25, 1998, including the name of the person with the
       most knowledge regarding maintenance of the subject floors on said date.

       **ANSWER:**

       The floor on which the ladder was standing is smooth concrete. Silvia Sarria is the
individual with the most knowledge regarding the maintenance of the floor.

10

Todd Renna, et al. vs. Sears, Roebuck and Co.
Case No. 99-17370-21 [Burnstein]
Defendant's Answers to Plaintiffs' Interrogatories

19.  Please provide the date that the floor, where the incident allegedly occurred, was cleaned/polished closest in proximity to the incident, and the person/entity who was in charge of cleaning/polishing the floor on February 25, 1998.

**ANSWER:**

Unknown.

20.  Please provide the names of employees of either Sears, Roebuck & Co, and/or Sears Logistics Services, Inc., who were aware of the Plaintiff or any other employees of EMC Air Conditioning who used the subject ladder prior to the Plaintiff's accident, giving dates for said uses.

**ANSWER:**

None. Upon information and belief, the subject ladder was never used by Plaintiff or any other employee of EMC Air Conditioning prior to Plaintiff's accident.

Todd Renna, et al. vs. Sears, Roebuck and Co.
Case No. 99-17370-21 [Burnstein]
Defendant's Answers to Plaintiffs' Interrogatories

21.    Did any policy exist, either formal or informal, written or unwritten, on using equipment on the premises (including lifts, tools, etc.,) to assist service people in performing their jobs, and if so, the person with the most knowledge regarding said policy as it was in effect on February 25, 1998.

**ANSWER:**

       Yes. The informal, unwritten policy was that air conditioning service personnel used a cherry picker to work on the air conditioning equipment. Silvia Sarria is the person with the most knowledge regarding this policy.

22.    Please provide the names of any and all persons who witnessed the subject accident and whether anyone saw the Plaintiff actually fall from the ladder and the names of all persons who were on the scene after Plaintiff's fall.

**ANSWER:**

       Upon information and belief, no one witnessed the actual accident. The following individuals were on the scene after Plaintiff's fall: Todd Renna, Mark Vorsky (of EMC), and Silvia Sarria.

12

Todd Renna, et al. vs. Sears, Roebuck and Co.
Case No. 99-17370-21 [Burnstein]
Defendant's Answers to Plaintiffs' Interrogatories

23.    Please provide the names of any and all persons who used the subject ladder during the 30 days prior to the subject accident, and the last time the subject ladder was in use prior to the subject accident.

**ANSWER:**

The ladder was not used during the 30 days prior to the subject accident.  It is unknown the last time the subject ladder was in use prior to the subject accident.

24.    Please state whether the "rubber footing" on the bottom of the ladder were ever replaced, and if so, when they were purchased by whom and the reason for said replacement.

**ANSWER:**

It is unknown whether the "rubber footing" on the bottom of the ladder was ever replaced prior to the subject accident.  The "rubber footing" was not replaced subsequent to the subject accident.

13

Todd Renna, et al. vs. Sears, Roebuck and Co.
Case No. 99-17370-21 [Burnstein]
Defendant's Answers to Plaintiffs' Interrogatories

25.    State the amount of applicable liability insurance coverage under the relative policy
of insurance in effect on February 25, 1998.

**ANSWER:**

Sears Logistics Services is listed as an additional insured under the Certificate of
Insurance issued by Pinnacle Assurance Corp. to EMC Corp. The amount of coverage is
$500,000. Also, Sears Logistics Services is a self-insured entity with sufficient coverage
to satisfy Plaintiffs' claims.

14

VERIFICATION

BY _Silvia Sarria_

SILVIA SARRIA

STATE OF FLORIDA     )
                        )ss

COUNTY OF BROWARD    )

    Silvia Sarria, being duly sworn, states that she is the MDO Manager of Sears Logistics Services and an authorized agent for the purpose of executing this document on behalf of Sears Logistics Services and Sears, Roebuck and Co.; that while she does not have personal knowledge of all of the facts recited in the foregoing document, the statements and information made herein have been collected and made available to her by counsel and employees of Sears Logistics Services and Sears, Roebuck and Co.; that the information contained herein is true and correct to the best of her knowledge and belief and the document is, therefore, verified on behalf of Sears Logistics Services and Sears, Roebuck and Co .

SUBSCRIBED AND SWORN TO

before me this __7__ day of _February_. 2000.

OFFICIAL NOTARY SEAL
CHRISTIAN CARMONA
NOTARY PUBLIC STATE OF FLORIDA
COMMISSION NO. CC893448
MY COMMISSION EXP. DEC. 7,2003

NOTARY PUBLIC in and for

the State of Florida

82478_1

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| TODD RENNA and ELINA RENNA | SEARS, ROEBUCK **00-6225** **CIV-ZLOCH** |

FILED BY ____
CO FEB 15 PH 3: 21

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.-FTL

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**MAGISTRATE JUDGE**
**SELTZER**

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

See attached Counsel list

ATTORNEYS (IF KNOWN)

See attached Counsel List

) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD,) PALM BEACH, MARTIN, ST LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

| I. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY) | III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only) | | |
|---|---|---|---|
| | | PTF DEF | PTF DEF |
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) | Citizen of This State ☒☒ 1 ☐ 1 | Incorporated or Principal Place ☐ 4 ☐ 4 of Business in This State |
| ☐ 2 U.S. Government Defendant | ☒☒ 4 Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State ☐ 2 ☐ 2 | Incorporated and Principal Place ☐ 5 ☒☒ 5 of Business In Another State |
| | | Citizen or Subject of a ☐ 3 ☐ 3 Foreign Country | Foreign Nation ☐ 6 ☐ 6 |

| V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY) | | | | | | Appeal to District Judge from |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Magistrate Judgment |

## I. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Med Malpractice | B☐ 625 Drug Related Seizure | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☒☒ 365 Personal Injury – Product Liability | of Property 21 USC 881 | | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws B☐ 640 R R & Truck | **A PROPERTY RIGHTS** | ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs B☐ 660 Occupational | ☐ 820 Copyrights | ☐ 810 Selective Service |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud ☐ 371 Truth in Lending | Safety/Health B☐ 690 Other | ☐ 830 Patent ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters ☐ 894 Energy Allocation Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 791 Empl. Ret. Inc. Security Act | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General B☐ 535 Death Penalty | | A☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| ☐ 240 Torts to Land | ☐ 444 Welfare | B☐ 540 Mandamus & Other | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 550 Civil Rights | | | |
| ☐ 290 All Other Real Property | | A☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C ss. 1332, 1441 and 1446. Personal injury action being removed from State Court

LENGTH OF TRIAL
via 5 days estimated (for both sides to try entire case)

| VII. REQUESTED IN COMPLAINT: | CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P 23 | DEMAND $ over $75,000.00 | CHECK YES only if demanded in complaint! JURY DEMAND: ☒☒ YES ☐ NO |
|---|---|---|---|

**VIII. RELATED CASE(S)** (See instructions)
IF ANY          JUDGE _____          DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 2-15-00 | Eric A. Gow |

**FOR OFFICE USE ONLY**

RECEIPT # 518571   AMOUNT $150.00   APPLYING IFP _____   JUDGE 02-15-00   MAG. JUDGE _____

## TODD AND ELINA RENNA vs. SEARS, ROEBUCK AND CO.
### Broward County Circuit Court Case No.: CACE-99-017370-21
### U.S. District Court Case No.: Pending
### Counsel List

**Attorneys For Plaintiff**

Geri Sue Straus, Esq.
JACOBS & STRAUS, P.A.
1098 NW Boca Raton Blvd.
Boca Raton, FL 33432
(561) 394-9099 [office]
(561) 347-8670 [facsimile]

**Attorneys For Defendant**

Eric A. Gordon, Esq.
ARNSTEIN & LEHR
Northbridge Centre - Suite 600
515 North Flagler Drive
West Palm Beach, Florida 33401
(561) 833-9800 [office]
(561) 655-5551 [facsimile]

86299_1