UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6225-CIV-ZLOCH

TODD RENNA, and ELINA RENNA,
his wife,

        Plaintiffs,

vs.

SEARS, ROEBUCK & COMPANY,

        Defendant.
_____/

**FILED** by _____ D.C.

MAR 2 7 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

**FINAL ORDER OF REMAND**

    THIS MATTER is before the Court, sua sponte, and upon Defendant's Notice of Removal (DE 1) filed herein by the Defendant, Sears, Roebuck & Company, for removal of the above-styled cause to the United States District Court, Southern District of Florida, and the Court having carefully reviewed the allegations of the Complaint, having carefully reviewed the court file and being otherwise fully advised in the premises, it is

    **ORDERED AND ADJUDGED** that the Notice of Removal (DE 1) filed herein by the Defendant, Sears, Roebuck & Company, be and the same is hereby **DENIED**.

    The Notice Of Removal (DE 1) is premised upon this Court's diversity jurisdiction pursuant to Title 28 U.S.C. § 1332. Whether an action filed in state court may properly be removed to federal court is to be determined from the record at the time the Notice Of Removal is filed. <u>Pullman Company v. Jenkins</u>, 305 U.S. 534 (1939). Because removal is only permissible when a plaintiff's claim could have been filed in federal court originally, we must look to the plaintiff's claim to determine whether removal was appropriate.

3

Burns v. Windsor Insurance Co., 31 F.3d 1092, 1095 (11th Cir. 1994). When diversity of citizenship is the basis of federal jurisdiction, it must be found to exist at the time the Complaint was filed. OJB, Inc. v. Dowell; A Division of Dow Chemical Co., 650 F. Supp. 42 (N.D. Tex. 1986); Portis v. Sears, Roebuck & Co., 621 F. Supp. 682 (E.D. Mo. 1985); See generally, 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure, Section 3723 (1985). It is clear from the record that at the time the Complaint was filed the allegations of the Complaint were insufficient to satisfy diversity jurisdiction.

A review of the Complaint reveals that the requisite diversity of citizenship as to the Plaintiffs and the Defendant is not apparent on the face of the Complaint. The Complaint alleges only that:

> 2. At all times material hereto, the Plaintiff, TODD RENNA and ALINA RENNA, were and are residents of Broward County, Florida and are otherwise *sui juris*.
>
> 3. At the time of the subject incident, the Defendant, SEARS, was an Illinois corporation licensed to and doing business in the state of Florida, and specifically, owned and/or maintained the premises known as Sears Logistics Services, Inc., (hereinafter referred to as "SLS"), located at 900 International Parkway, Fort Lauderdale, Florida, where the subject incident occurred.

An allegation of residence is not sufficient to establish citizenship. Nadler v. American Motors Sales Corp., 764 F.2d 409 (5th Cir. 1985); Congress of Racial Equality v. Clemmons, 323 F.2d 54 (5th Cir. 1962), cert. denied, 375 U.S. 992 (1964); Baker v. Data Dynamics, Inc., 561 F. Supp. 1161 (W.D.N.C. 1983). In the

Complaint, there are no allegations of citizenship as to the Plaintiffs, only allegations of residence. Therefore, the diversity of citizenship requirements of 28 U.S.C. § 1332 have not been satisfied.

In addition, a corporation has dual citizenship for diversity purposes: a corporation is a citizen of any state by which it has been incorporated and a citizen of the state in which the corporation has its principal place of business. Hence, it is necessary both to plead the state or states of incorporation and the state in which the corporation has its principal place of business in order to show that diversity jurisdiction exists. See 13B C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure, Section 3624 (1984). The Complaint filed herein lacks any allegations regarding the state in which the Defendant has its principal place of business. Therefore, the diversity of citizenship requirements have not been satisfied.

The Court notes that pursuant to 28 U.S.C. § 1447(c), this Court may, sua sponte, review this matter, and "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

It should be kept in mind that the statutes conferring both diversity and removal jurisdiction are to be strictly construed. District Courts are to strictly construe the complex removal procedures as removal is in derogation of state court jurisdiction. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365 (1978). Further, "[d]efendant's right to remove and plaintiff's right to

3

choose his forum are not on equal footing . . . where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Burns, 31 F.3d at 1095 (citing Boyer v. Snap-on Tools Corp., 913 F.2d 108 (3rd Cir. 1990) and Coker v. Amoco Oil Co., 709 F.2d 1433 (11th Cir. 1983)). Moreover, it is well settled that the removal statute is to be strictly construed against removal and in favor of remand. Libhart v. Santa Monica Dairy Co., 592 F.2d 1062 (9th Cir. 1979).

The Court notes that the Federal Courts are Courts of limited jurisdiction. The presumption, in fact, is that a Federal Court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists. Fitzgerald v. Seaboard System Railroad, Inc., 760 F.2d 1249 (11th Cir. 1985). Therefore, the facts showing the existence of jurisdiction must be affirmatively alleged in the Complaint. Kirkland Masonry, Inc. v. Commissioner of Internal Revenue, 614 F.2d 532 (5th Cir. 1980); see also 13 Wright, Miller & Cooper, Federal Practice and Procedure, Section 3522 (1984).

The Court recognizes that current trends in the law favor expanded Federal court jurisdiction. The Court is mindful, however, that Article III of the Constitution of the United States very clearly prescribes the scope of such jurisdiction. While those who advocate a more liberal interpretation of Article III, as well as a complete disregard of the boundaries of Federal jurisdiction originally defined by the founding fathers, may disagree with the limited view of Federal jurisdiction expressed by

4

this Court and by the cases cited within this Final Order Of Remand, the Court's decision herein is entirely faithful to the Constitution and to the intent of the founding fathers.

Accordingly, the above-styled cause is **REMANDED** to the state forum for further proceedings in that this Court lacks subject matter jurisdiction.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Clerk of the United States District Court, Southern District of Florida, be and the same is hereby **DIRECTED** to forward a certified copy of this Order to the Clerk of the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, Case No. 99017370.

To the extent not otherwise disposed of herein, all pending Motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _____ day of March, 2000.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

Geri Sue Straus, Esq.
For Plaintiff

Eric A. Gordon, Esq.
For Defendant

Clerk, Circuit Court
Broward County, Florida
Case No. 99017370